1   Angel Gomez, State Bar No. 74476
    Deanna L. Ballesteros, State Bar No.
2   EPSTEIN BECKER & GREEN, P.C.
    1925 Century Park East, Suite 500
3   Los Angeles, California 90067-2506
    Telephone: 310.556.8861
4   Facsimile: 310.553.2165
    dballesteros@ebglaw.com
5
    Attorneys for Defendants,
6   SHELL OIL COMPANY. SHELL OIL
    PRODUCTS COMPANY LLC AND
7   EQUILON ENTERPRISES LLC dba SHELL
    OIL PRODUCTS US
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11  DAVID GARDNER, STEVE              CASE NO. **09       5876**
    MATTERN, and BRIAN CERRE,
12  individually and on behalf of all     (Contra Costa Superior Court Case
    similarly situated current and former No.: C 09-03192)
13  employees,
                                          Complaint Filed:   November 17, 2009
14                 Plaintiffs,
15          v.                        **NOTICE OF REMOVAL BY
16                                    DEFENDANTS**
    SHELL OIL COMPANY, SHELL OIL
17  PRODUCTS COMPANY LLC, and       **Under 28 U.S.C. § 1332(d)) [Class
    EQUILON ENTERPRISES LLC dba     Action Fairness Act Of 2005]; 28
18  SHELL OIL PRODUCTS US, and       U.S.C. §1441(a) And (b) [Federal
    DOES 1 through 20, inclusive,     Question]**
19
                   Defendants.
20

21
22      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**
23          **PLEASE TAKE NOTICE** that defendants Shell Oil Company ("SOC"),
24  Shell Oil Products Company LLC ("SOPC") and Equilon Enterprises LLC dba
25  Shell Oil Products US ("Equilon") (together, "Defendants") hereby remove to this
26  Court the state court action of plaintiffs David Gardner, Steve Mattern, and Brian
27  Cerre, individually and on behalf of all similarly situated current and former
28  employees described below.  Jurisdiction is invoked pursuant to 28 U.S.C. § 1331,
    which confers jurisdiction for federal questions, and 28 U.S.C §§ 1453 and

LA:692189v1                                              Notice of Removal

1332(d), the Class Action Fairness Act of 2005 ("CAFA"), in that the number of members of the proposed plaintiff class in the aggregate is more than 100, the amount in controversy exceeds $5 million exclusive of costs and interest and plaintiff is a citizen of a state different than defendant.

## PLEADINGS AND PROCESS

1.      On or about November 17, 2009, Plaintiffs filed their Class Action Complaint For Damages, Injunctive Relief, Restitution, Attorneys' Fees and Costs of Suit in the Contra Costa Superior Court, Case No. C 09 -3192, asserting claims against Defendants for (1) Failure to Provide Meal Periods (Labor Code §§ 1226.7, 512); (2) Failure to Furnish Timely and Accurate Wage Statements (Labor Code §§ 226 and 226.3); (3) Failure to Provide All Wages Due At the Time of Termination (Labor Code §§ 201, 202 and 203); and (4) Violation of the California Unfair Competition Law (Business & Professions Code § 17200 *et seq.*). Defendants were served with this complaint and summonses on November 19, 2009.

2.      On December 8, 2009, Plaintiffs filed their First Amended Class Action Complaint For Damages, Injunctive Relief, Restitution, Attorneys' Fees and Costs of Suit ("FAC"). The FAC asserted claims for , asserting claims against Defendants for (1) Failure to Provide Meal Periods (Labor Code §§ 1226.7, 512); (2) Failure to Provide All Wages Due At the Time of Termination (Labor Code §§ 201, 202 and 203); and (3) Violation of the California Unfair Competition Law (Business & Professions Code § 17200 *et seq.*). Counsel for Defendants signed and served Notices of Acknowledgements of Receipt – Civil for the service of Plaintiffs' FAC on December 14, 2009.

3.      The exhibits attached as Exhibit "A" to the Removal Petition constitute all the papers and processes that have been filed in this matter at the time of removal.

- 2 -

**DIVERSITY PURSUANT TO 28 U.S.C. § 1332(d)**

4.    Defendants are informed and believes that plaintiffs Gardner, Mattern, and Cerre were, at the time of the filing of this action, and still are residents and citizens of the State of California.  FAC, ¶¶ 4-6.

5.    Defendant SOC is a Delaware corporation with its principal place of business in Texas.  Defendant SOC's corporate headquarters is located in Texas. Board meetings for the Board of Directors of SOC are held in Texas. The President of SOC works and resides in Texas. Four of out five vice-presidents of SOC work and reside in Texas, with one residing in Washington, DC area.  Approximately 94.98% of SOC's employees live and work in Texas.  Accordingly, for the purpose of 28 U.S.C. §§ 1332 and 1441(a) and (b), defendant SOC is not a citizen of the State of California.

6.    Defendant Equilon is a Delaware limited liability corporation with its principal place of business in Texas.  Defendant Equilon's corporate headquarters is located in Texas.  Defendant Equilon's Management Committee meets in Texas. The President of Equilon works and resides in Texas. All eight of vice-presidents of Equilon work and reside in Texas.  Approximately 50.86% of Equilon's employees live and work in Texas.  Accordingly, for the purpose of 28 U.S.C. §§ 1332 and 1441(a) and (b), Equilon is not a citizen of the State of California.

7.    Defendant SOPC is a Delaware limited liability corporation with its principal place of business in Texas.  Defendant SOPC's corporate headquarters is located in Texas. Defendant SOPC's board of directors meets in Texas. All of the executives of SOPC work and reside in Texas. Approximately 90% of SOPC's employees live and work in Texas.  Accordingly, for the purpose of 28 U.S.C. §§ 1332 and 1441(a) and (b), defendant SOPC is not a citizen of the State of California.

8. The fictitious Doe defendants set forth in the Complaint must be disregarded for the purpose of determining diversity for removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

9. Accordingly, pursuant to 28 U.S.C. § 1332(d)(2)(A), this is an action where any member of a class of plaintiffs is a citizen of a State different from any defendant.

## SIZE OF PROPOSED PLAINTIFF CLASS

10. The FAC describes the proposed class as: "The proposed class which Named Plaintiffs seek to represent is composed of all current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted." FAC, ¶ 26  The FAC also states: "The proposed class is estimated to include between 200 and 500 members.  This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court." FAC, ¶ 27.

11. For the purposes of this removal, Defendants have estimated the number of potential class members who are or were employed at their Martinez, California refinery. From April 24, 2005 to the filing of the Complaint, Defendants had on average approximately 280 potential class members at their Martinez, California refinery.

12. Accordingly, the number of members of all proposed plaintiff classes in the aggregate is more than 100.

## DAMAGES

13. The Complaint is silent as to the amount of damages claimed.  The failure of a complaint to specify the amount of damages sought by plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.

- 4 -

Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, **"any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim."**) (emphasis added).  Defendant need only establish by a *preponderance of evidence* that plaintiff's claim exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

14.     The First Cause of Action of the FAC alleges a cause of action for violation of California Labor Code §§ 226.7 and 512 and section 11 of the Industrial Welfare Commission Wage Order No. 1-201, for allegedly failing to provide a duty-free, 30 minute meal period to Plaintiffs for every five (5) hours of work. FAC, ¶¶ 37-38.  The Complaint seeks as damages recovery for the class of all their pay, plus penalties.  FAC, ¶ 38.

15.     For the purposes of this removal, Defendants have estimated potential penalties owed to potential class members located at their Martinez, California refinery from April 25, 2004 to the filing of the Complaint, assuming that each potential class member missed a meal period for each shift worked and using weighted wage rates for the potential class members under the collective bargaining agreements in place. During the over five years preceding the filing of the Complaint in this action, the aggregate amount of potential penalties calculated for potential class members at Defendants' Martinez, California facilities exceeded $5 million.

16.     This estimation does not take into account any potential penalties allegedly owed to any potential class members for failure to provide owed wages at termination of employment, as claimed by Plaintiffs' Second and Third Causes of Action. FAC, ¶¶ 40-51.

- 5 -

LA:692189v1

Notice of Removal

17.     Accordingly, if proven, Plaintiffs' allegations will entitle the class to aggregate compensatory damages and attorneys' fees in an amount well in excess of $5 million, exclusive of interest and costs.

## **FEDERAL QUESTION**

18.     Equilon is an employer within the meaning of the Labor Management Relations Act of 1947 ("LMRA") §2(2); 29 U.S.C. §152(2). Equilon was at various times during the relevant times alleged as an employer of the proposed class members.  The terms and conditions of the proposed class members' employment by Equilon were and are governed by a series of collective bargaining agreement between USW and Equilon, which regulated, among other things, the terms and conditions under which meal breaks in a shift was to be taken by Equilon's employees, including the proposed class members.  A copy of the most recent applicable collective bargaining agreement is attached hereto as Exhibit "B."

19.     The First Cause of Action of the FAC alleges a cause of action against Defendants for violation of California Labor Code §§ 226.7, 512 and section 11 of the Industrial Welfare Commission Wage Order No. 1-2001, for allegedly failing to provide Plaintiffs a duty-free, 30 minute meal period for each five (5) hours of work. FAC, ¶¶ 35-39.

20.     Federal courts have original jurisdiction over claims under the Labor Management Relations Act for breaches of collective bargaining agreements.  29 U.S.C. § 185 ("Section 301").  Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties. *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). Accordingly, Section 301 preempts state-law claims "that are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  Any

- 6 -

state claim implicating Section 301 as a defense, therefore, is subject to "complete preemption" and may be removed where the court must interpret the parties collective bargaining agreement to resolve the dispute. *Metropolitan Life, Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987); *Adkins v. Mireles*, 2008 WL 2066569, at *4 (9th Cir. May 16, 2008) (Section 301 preempts state law claims that require a resolution of the meaning of a CBA); *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F. 2d 993, 997-98 (9th Cir. 1987) (Section 301 preemption supplants state claim with federal claim); *Greenly v. Sara Lee Corp.*, 2008 WL 192925230, at *21 (E.D. Cal. 2008) ("The United States Supreme Court has articulated that 'where the right [at issue in the lawsuit] is created by state law [but the application of state law] requires the interpretation of a [CBA],'" state law claims are preempted by Section 301).

21. Plaintiffs' state law claim based on Defendants' alleged failure to permit them to take meal breaks under Labor Code §§ 226.7 and 512, and section 11 of the Industrial Welfare Commission Wage Order No. 1-2001 is preempted by Section 301 because whether Defendants provided Plaintiffs proper meal breaks requires the Court to analyze and interpret the collective bargaining agreement and the past practices between Equilon and USW. The parties' past practices are deemed to be part of the collective bargaining agreement. *Consol. Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 302 (1989) ("[C]ollective-bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' 'practice, usage, and custom' is of significance in interpreting their agreement."). Specifically, the Court must interpret the parties' practices regarding the extent to which they agreed that Plaintiffs may take meal

- 7 -

breaks within six hours after the commencement of work, in accordance with California IWC Wage Order No. 1-2001(11)(A), as opposed to the allegations in the Complaint regarding a requirement that meal periods commence after no more than 5 hours. The Court also must interpret the parties' labor contract and its practice of providing and making available to Plaintiffs more than 30 minutes of duty free time each shift, during which they are able to do what they choose, to resolve Plaintiffs' claims. *Brown v. Federal Express Corp*, 2008 WL 906517, at *6 (C.D. Cal. February 26, 2008) (employers must simply allow their employees to take breaks because requiring employers to enforce meal breaks would create an undue burden on them); *White v. Starbucks*, 497 F. Supp. 2d 1080, 1086 (N.D. Cal. 2007) (employers are only required to make meal breaks available and need not force their employees to take breaks)

22.     These issues require the Court to interpret the parties' custom and practices and are readily distinguishable from the prior related, but limited and distinguishable, decision in *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1076 (9th Cir. 2005), in which the court found no Section 301 preemption on the ground that an employee could not waive their right to take a meal break after five hours of work. Here, analysis of the parties' collective bargaining agreement and past practices is necessary, not to determine waiver, but to show more than 30 minutes of duty free time was made available to employees by agreement and whether the parties' agreed that breaks could commence after six hours of work.

23.     Plaintiffs' First Cause of Action is therefore one for breach of a collective bargaining agreement, and this state law claim is entirely preempted under LMRA § 301(a), 29 U.S.C. § 185(a). Accordingly, this is an action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185. *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997-999 (9th Cir. 1987).

24.     The district court may exercise supplemental jurisdiction over Plaintiffs' non-preempted state claims, if any, by virtue of 28 U.S.C. §1441(c).

## TIMELINESS OF REMOVAL

25.     This Notice of Removal is being timely filed within thirty (30) days of service on defendants of the Complaint.  SOC, SOPC and Equilon were served with a copy of the original state complaint and summons on November 19, 2009.

26.     For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1441(b).

## VENUE

27.     This is the District Court of the United States for the district embracing the place where the state court action was filed, and is, therefore, the appropriate court for removal.


DATED:  December 14, 2009                EPSTEIN BECKER & GREEN, P.C.


                                         By: _____
                                              Angel Gomez
                                              Deanna L. Ballesteros

                                         SHELL OIL COMPANY. SHELL OIL
                                         PRODUCTS COMPANY LLC AND
                                         EQUILON ENTERPRISES LLC dba
                                         SHELL OIL PRODUCTS US

- 9 -

# Exhibit  A

Fax sent by : 213 202 3996          ALL IN ONE LEGAL SUP          12-08-09 03:57p    Pg: 2/4

EPSTEIN BECKER & GREEN

DEC 10 2009

1  Robert A. Cantore (Bar No. 127462)
   Jay Smith (Bar No. 166105)
2  Joshua F. Young (Bar No. 232995)
   Linda S. Fang (Bar No. 240245)
3  **GILBERT & SACKMAN**
   **A LAW CORPORATION**
4  3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
5  Tel: (323) 938-3000
   Fax: (323) 937-9139
6
7  Attorneys for Plaintiffs

F I L E D

DEC 0 8 2009

SUPERIOR COURT ... CALIFORNIA
CONTRA COSTA COUNTY
By ____ M. RIGGS
Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF CONTRA COSTA**

10 | DAVID GARDNER, STEVE MATTERN, and      | Case No. C 09-03192
11 | BRIAN CERRE, individually and on behalf of all similarly situated current and former employees, | **CLASS ACTION**
12 |                                         |
   |              Plaintiffs,                | **FIRST AMENDED CLASS ACTION**
13 |                                         | **COMPLAINT FOR DAMAGES, INJUNCTIVE**
   |         v.                              | **RELIEF, RESTITUTION, ATTORNEYS' FEES,**
14 |                                         | **AND COSTS OF SUIT**
   | SHELL OIL COMPANY, SHELL OIL            |
15 | PRODUCTS COMPANY LLC, and EQUILON       | 1.  Failure to Provide Meal Periods (Lab.
   | ENTERPRISES LLC dba SHELL OIL           |     Code §§ 226.7, 512);
16 | PRODUCTS US, and DOES 1 through 20,     | 2.  Failure to Pay All Wages Due at the Time
   | inclusive,                              |     of Termination (Lab. Code §§ 201, 202,
17 |                                         |     203);
   |              Defendants.                | 4.  Violation of the California Unfair
18 |                                         |     Competition Law (Bus. & Prof. Code
   |                                         |     § 17200 et seq.)
19 |                                         |
   |                                         | **DEMAND FOR JURY TRIAL**
20

**FAX FILE**

21                     <u>**INTRODUCTION**</u>

22        1.      Plaintiffs David Gardner, Steve Mattern, and Brian Cerre ("Named Plaintiffs") bring this

23  action against Defendants Shell Oil Company, Shell Oil Products Company LLC, and Equilon

24  Enterprises LLC dba Shell Oil Products US (collectively, "Shell" or "Shell Defendants") and other as of

25  yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code.

26  Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly

27  situated current and former employees who have been employed by one or more of the Defendants at the

28  Martinez, California oil refinery and distribution facilities ("Martinez facility").

EXHIBIT _____A_____ PAGE _10_

2.      Named Plaintiffs seek class-wide relief under California law for Defendant's breach of its legal obligations to provide meal periods and to pay all wages due at the time of termination, pursuant to California Labor Code §§ 201, 202, 203, 204, 226.3, 226.7, and 512, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to employees at the Martinez facility.

3.      Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendant's unlawful, unfair, and fraudulent business practices which have deprived its employees of their rights under California labor laws and regulations, in order to reduce its payroll costs and increase profits, in violation of applicable laws.

### THE PARTIES

4.      Named Plaintiff David Gardner is, and at all relevant times was, a competent adult residing in the State of California.

5.      Named Plaintiff Steve Mattern is, and at all relevant times was, a competent adult residing in the State of California.

6.      Named Plaintiff Brian Cerre is, and at all relevant times was, a competent adult residing in Contra Costa County, California.

7.      Named Plaintiffs are and have been employed by Defendant within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently work or have worked 12-hour shifts at Defendant's facility located in Martinez, California. Named Plaintiffs currently reside in the State of California.

8.      Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted.

9.      Defendant Shell Oil Company is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code

///

EXHIBIT _____A_____ PAGE _11_

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

§ 17201.  Defendant Shell Oil Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

10.     Defendant Shell Oil Products Company LLC is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code        § 17201.  Defendant Shell Oil Products LLC is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

11.     Defendant Equilon Enterprises LLC is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201.  Defendant Equilon Enterprises LLC is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

12.     The Shell Defendants collectively own and/or operate the Martinez facility, which includes an oil refinery and distribution facilities, which are all located in Martinez, California.

13.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 thought 20, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

14.     Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

15.     Venue is proper based on the location of work performed by Defendant in Contra Costa County, the location of Shell's Martinez facility in Contra Costa County, the performance of various contracts by Defendant in Contra Costa County, as well as the location of the commission of the acts alleged herein in Contra Costa County.  The relief requested is within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

16.     A class action complaint was filed against Defendants in Los Angeles County Superior Court on April 25, 2008, alleging the same unfair business practices and violations of the California Labor Code on behalf of the same proposed class as in this complaint.  Class certification was denied in that case on August 21, 2009.  Because the filing of the class action complaint tolled the statute of

EXHIBIT   A   PAGE   12

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

limitations for the putative class members, the statutory period in this action runs from April 25, 2004, four years prior to the filing of the previous class action complaint in Los Angeles County Superior Court, to the present.

17.     Between April 25, 2004 and the present, Defendants have employed Plaintiffs to work 12-hour shifts at the Martinez facility.

18.     Defendants uniformly require Plaintiffs to remain on duty throughout their 12-hour shifts. Plaintiffs are not, among other things, allowed to leave the refinery during their shifts, and they are also required to remain in their work units unless given specific permission to leave.  Additionally, Plaintiffs are required to perform work duties, monitor the operation of their units, and remain in constant contact with supervisors and other employees working in their unit throughout their 12-hour shifts.

19.     As a result, Defendants routinely fail to provide Plaintiffs with uninterrupted 30-minute meal periods for every work period in excess of five hours, as required by law.

20.     Defendants do not have a policy or system for providing relief to Plaintiffs so as to allow them to take uninterrupted 30-minute meal periods during which they are relieved of all duties.

21.     Defendants do not pay Plaintiffs an extra hour of pay for each work day during which they are not provided a meal period.

22.     Defendants also routinely fail to maintain complete and accurate payroll records for Plaintiffs showing, *inter alia*, the gross and net wages earned or whether employees are provided with or actually take meal periods.

23.     Defendants routinely fail to pay all accrued wages and other compensation due immediately to putative class members who have been terminated and routinely fail to pay all accrued wages and other compensation due within 72 hours to putative class members who have resigned from their employment with Defendant.

## CLASS ALLEGATIONS

24.     Named Plaintiffs seek, on their own behalf and on behalf of putative class members, unpaid wages owed as a result of Defendants' failure to provide meal periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute.  Named Plaintiffs also seek

4

EXHIBIT   A   PAGE   13

1    injunctive relief in the form of an order prohibiting Defendants from requiring their employees to work

2    shifts in excess of five hours without providing an uninterrupted 30-minute meal period.   Named

3    Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through

4    its unfair business practices in violation of California Business and Professions Code sections 17200 *et*

5    *seq.*, to prevent Defendants from benefitting from its violations of law and/or acts of unfair competition.

6    Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be

7    considered damages.   This action is appropriate for class treatment pursuant to Code of Civil Procedure

8    section 382.

9          25.      The proposed class which Named Plaintiffs seek to represent is composed of all current

10   and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or

11   Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an

12   Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California

13   between April 25, 2004 and the time class certification is granted.

14         26.      Plaintiffs also seek to represent the following subclasses of the above-described class:

15         a.      All current and former employees of Defendants Shell Oil Company, Shell Oil
16                 Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products
                   US who were not provided uninterrupted 30-minute meal periods in accordance
17                 with California Labor Code sections 226.7 and 512 and Industrial Welfare
                   Commission Wage Order 1-2001 section 11, between April 25, 2004 and the
18                 present.

19         b.      All former employees of Defendants Shell Oil Company, Shell Oil Products
20                 Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who,
                   at any time between April 25, 2004 and the present, were discharged or resigned
21                 from employment and were not timely paid all wages due and owing, pursuant to
                   California Labor Code section 203.

22         27.      The proposed class is estimated to include between 200 and 500 members.   This proposed

23   class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as

24   a class will benefit the parties and the Court.

25         28.      There is a well-defined commonality of interest in the questions of fact and law involving

26   and affecting the putative class members to be represented by Named Plaintiffs, in that all of these

27   employees have been harmed by Defendants' failure to provide meal periods as required by law.

28   ///

EXHIBIT ___A___ PAGE ___14___

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

29. Common questions of fact and law involved in this action include the following:

a. Whether Defendants failed to provide Plaintiffs with meal periods in accordance with applicable California law because they failed to relieve employees working 12-hour shifts of all work duties;

b. Whether Defendants failed to keep complete and accurate records of whether meal periods were provided to Plaintiffs in accordance with applicable California law;

c. Whether Defendants failed to pay all wages due to employees at the time of termination in accordance with applicable California law;

d. Whether Defendants maintains or has maintained common policies that failed to properly compensate Plaintiffs in accordance with applicable California law;

e. Whether Defendants maintained policies that adequately provided for meal periods in accordance with the requirements of applicable California law;

f. What compensatory damages, injunctive relief, and other equitable relief Plaintiffs are entitled to receive from Defendants; and

g. Whether Defendants' policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

30. The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

31. Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

EXHIBIT____A____ PAGE __15,__

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

32.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties.   This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

33.     Common issues predominate Plaintiffs' claims in that all of their claims arise out of Defendants' failure to provide meal periods as required by California law.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

34.     Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously.   Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Lab. Code §§ 226.7, 512, Wage Order 1-2001)

(By All Plaintiffs Against All Defendants)

35.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 34, above, as though fully set forth herein.

36.     Labor Code section 512 and Wage Order 1-2001 require employers to provide employees with a 30-minute meal period for every work period in excess of five hours.   If an employee is not relieved of all duty during the required meal periods, the employer must pay the employee for work performed during those meal periods, plus an additional penalty of one hour's wage for each day in which the required meal periods were not provided. Lab. Code § 226.7; Wage Order 1-2001 § 11(C).

///

EXHIBIT ___A___ PAGE ___16___

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

37. Plaintiffs worked 12-hour shifts while employed by Defendants and, therefore, they were entitled to at least two 30-minute meal periods per shift, during which they must have been relieved of all duty. Wage Order 1-2001 §§ 2(G), 11(C). During the statutory period, Defendants have had a policy and/or practice of refusing and/or failing to provide their employees with required meal periods.

38. Plaintiffs have not been provided all meal periods as required by applicable law and seek to recover their unpaid wages for Defendants' violations of the meal period requirements of Labor Code section 226.7 and Wage Order 1-2001. As a result of Defendants' unlawful practices, Plaintiffs have lost money and property as alleged above, in that they were required to work shifts of at least 12 hours without receiving their required meal periods. Further, Plaintiffs were not compensated for having been denied such meal periods. The extra hour of pay mandated by Labor Code section 226.7 and Wage Order 1-2001 for missed meal periods is in the nature of wages and is for the purpose of compensating the employee for being required to work through his or her meal period. The additional wages to which Plaintiffs are entitled pursuant to this provision will be discernable from Defendants' records and will be proven at the time of trial.

39. Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AT THE TIME OF DISCHARGE OR RESIGNATION

(Lab. Code §§ 201-203)

(By All Plaintiffs Against All Defendants)

40. Plaintiffs reallege and incorporate by reference paragraphs 1 through 39, above, as though fully set forth herein.

41. Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages when due, the employer must continue to pay the employees' daily wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days' wages.

///

EXHIBIT____A____ PAGE __17__

42.     Putative class members whose employment with Defendants has ceased are entitled to all of their unpaid wages, including their premium wages for missed meal periods.  To date, they have not received such compensation and more than 30 days have passed since putative class members left Defendants' employ.  As a consequence of Defendants' willful failure to timely pay all wages due to such employees, they are entitled to 30 days' wages pursuant to Labor Code section 203.

43.     Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## THIRD CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By All Plaintiffs Against All Defendants)

44.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 43, above, as though fully set forth herein.

45.     The California Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute.  The UCL also provides that a court may enjoin acts of unfair competition, issue declaratory and other equitable relief, and order restitution of money or property acquired by means of such unfair competition.

46.     Beginning on an exact date unknown to Plaintiffs, but between April 25, 2004 and the present, Defendants have committed acts of unfair competition proscribed by Business and Professions Code section 17200 *et seq.*, including the acts and practices alleged herein.  Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

a.     Labor Code §§ 201-203 (wages at discharge);

b.     Labor Code § 204 (payment of wages);

c.     Labor Code §§ 226.7, 512 (meal periods); and

9

EXHIBIT  A  PAGE  18

d.      California Industrial Welfare Commission Order No. 16-2001 (meal periods).

47.     Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Plaintiffs for purposes of the UCL and the remedies provided therein.  As a direct and proximate result of the aforementioned unfair business practices, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs and Defendants have profited in that amount from their unlawful practices.

48.     Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Plaintiffs are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies unlawfully withheld from them from April 25, 2004 to the present. Plaintiffs will, upon leave of the Court, amend this complaint to state such amounts when they are ascertained.

49.     Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees of Defendants.  Plaintiffs seek and are entitled to unpaid wages, injunctive relief, and any other relief to which they are entitled under the UCL.

50.     Defendants' violations of the UCL are ongoing and will continue until and unless this Court enters an injunction barring such violations.  Plaintiffs therefore seek damages and injunctive relief pursuant to Business and Professions Code section 17203.

51.     Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.      For an order certifying this action as a class action;

2.      For an award of all unpaid wages due to Plaintiffs during the statutory period as defined by the Court at the time of certification;

3.      For an award of one hour of pay at each employee's regular rate of pay for each work day during which they were not provided with an uninterrupted 30-minute meal period for every work period in excess of five hours during the statutory period as defined by the Court at the time of certification;

4.      For an award of waiting time penalties to Defendants' former employees pursuant to Labor Code section 203;

5.      For pre-judgment interest to the extent permitted by law;

6.      For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Code of Civil Procedure section 1021.5, and other applicable legal authorities;

7.      For an injunction against Defendants' unlawful business practices;

8.      For an order to pay restitution to Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to Business and Professions Code sections 17200-05;

9.      For such other and further relief as the Court may deem proper.


Dated: December 8, 2009

                                    Respectfully submitted,

                                    Robert A. Cantore
                                    Jay Smith
                                    Joshua F. Young
                                    Linda S. Fang
                                    **Gilbert & Sackman, A Law Corporation**


                                    By: _Linda S. Fang_
                                         Linda S. Fang


EXHIBIT ____A____ PAGE ____20____

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs David Gardner, Steve Mattern, and Brian Cerre, individually and on behalf of all

3   similarly situated current and former employees of Defendant, hereby request a jury trial on all claims so

4   triable.

5

6   Dated: December 8, 2009                          Robert A. Cantore

7                                                    Jay Smith
                                                     Joshua F. Young
8                                                    Linda S. Fang
                                                     **Gilbert & Sackman, A Law Corporation**
9

10                                                   By: _Linda S. Fang_

11                                                       Linda S. Fang
                                                         Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ____A____ PAGE ____21____

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

COPY

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Robert A. Cantore (Bar No. 127462)<br>Linda S. Fang (Bar No. 240245)<br>Gilbert & Sackman<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 323-938-3000    FAX NO. (Optional): 323-937-9139<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs | FOR COURT USE ONLY<br><br>EPSTEIN BECKER & GREEN<br><br>DEC 1 0 2009 |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: Contra Costa<br>MAILING ADDRESS: 725 Court Street<br>CITY AND ZIP CODE: Martinez, CA 94553<br>BRANCH NAME: Wakefield Taylor Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: David Gardner, Steve Mattern, Brian Cerre, et al.<br><br>DEFENDANT/RESPONDENT: Shell Oil Company, et al. |

| | |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C 09-03192 |

TO (insert name of party being served): Shell Oil Company

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 9, 2009

Linda S. Fang
(TYPE OR PRINT NAME)    ► _Linda S. Fang_ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☐  A copy of the summons and of the complaint.
2. ☐  Other (specify):

(To be completed by recipient):

Date this form is signed:

_____    ►    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |

EXHIBIT____A____ PAGE ____22____

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert A. Cantore (Bar No. 127462)<br>Linda S. Fang (Bar No. 240245)<br>Gilbert & Sackman<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 323-938-3000    FAX NO. *(Optional):* 323-937-9139<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: Contra Costa
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: David Gardner, Steve Mattern, Brian Cerre, et al.

DEFENDANT/RESPONDENT: Shell Oil Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C 09-03192 |
|---|---|

TO *(insert name of party being served):* Shell Oil Products Company LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: December 9, 2009

Linda S. Fang
_____
(TYPE OR PRINT NAME)

▶ *Linda S. Fang*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☐ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: _____

_____     ▶     _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br> |

EXHIBIT ___A___ PAGE 23

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert A. Cantore (Bar No. 127462)<br>Linda S. Fang (Bar No. 240245)<br>Gilbert & Sackman<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 323-938-3000    FAX NO. *(Optional):* 323-937-9139<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: Contra Costa |
| MAILING ADDRESS: 725 Court Street |
| CITY AND ZIP CODE: Martinez, CA 94553 |
| BRANCH NAME: Wakefield Taylor Courthouse |

PLAINTIFF/PETITIONER: David Gardner, Steve Mattern, Brian Cerre, et al.

DEFENDANT/RESPONDENT: Shell Oil Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C 09-03192 |
|---|---|

TO *(insert name of party being served):* Shell Oil Products Company LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: December 9, 2009

Linda S. Fang
_____
(TYPE OR PRINT NAME)

▶  *(signature)* Linda S. Fang
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐   A copy of the summons and of the complaint.
2. ☐   Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____              ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,             (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | Page 1 of 1 |

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT ___A___ PAGE 24

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert A. Cantore (Bar No. 127462)<br>Linda S. Fang (Bar No. 240245)<br>Gilbert & Sackman<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 323-938-3000        FAX NO. *(Optional):* 323-937-9139<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | EPSTEIN BECKER & GREEN<br><br>DEC 1 0 2009 |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: Contra Costa<br>MAILING ADDRESS: 725 Court Street<br>CITY AND ZIP CODE: Martinez, CA 94553<br>BRANCH NAME: Wakefield Taylor Courthouse |
|---|

PLAINTIFF/PETITIONER: David Gardner, Steve Mattern, Brian Cerre, et al.

DEFENDANT/RESPONDENT: Shell Oil Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C 09-03192 |
|---|---|

TO *(insert name of party being served):* Equilon Enterprises LLC dba Shell Oil Products US

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 9, 2009

Linda S. Fang
_____
(TYPE OR PRINT NAME)

▶ *Linda S. Fang*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [ ]   A copy of the summons and of the complaint.
2. [ ]   Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |

EXHIBIT ___A___ PAGE 25

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert A. Cantore (Bar No. 127462)<br>Linda S. Fang (Bar No. 240245)<br>Gilbert & Sackman<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 323-938-3000     FAX NO. *(Optional):* 323-937-9139<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: Contra Costa |
| MAILING ADDRESS: 725 Court Street |
| CITY AND ZIP CODE: Martinez, CA 94553 |
| BRANCH NAME: Wakefield Taylor Courthouse |

PLAINTIFF/PETITIONER: David Gardner, Steve Mattern, Brian Cerre, et al.

DEFENDANT/RESPONDENT: Shell Oil Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C 09-03192 |
|---|---|

TO *(insert name of party being served):* Equilon Enterprises LLC dba Shell Oil Products US

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 9, 2009

Linda S. Fang
_____
(TYPE OR PRINT NAME)

▶ *Linda S. Fang*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐  A copy of the summons and of the complaint.
2. ☐  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1<br>
Code of Civil Procedure,<br>
§§ 415.30, 417.10<br>
www.courtinfo.ca.gov<br>
American LegalNet, Inc.<br>
www.USCourtForms.com

EXHIBIT ___A___ PAGE _2 6_

EPSTEIN BECKER & GREEN

DEC 10 2009

1  Robert A. Cantore (Bar No. 127462)
   Jay Smith (Bar No. 166105)
2  Joshua F. Young (Bar No. 232995)
   Linda S. Fang (Bar No. 240245)
3  **GILBERT & SACKMAN**
   **A LAW CORPORATION**
4  3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010-2732
5  Telephone:    (323) 938-3000
   Fax:          (323) 937-9139
6
7  Attorneys for Plaintiffs

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF CONTRA COSTA**

10

11 | DAVID GARDNER, STEVE MATTERN, and BRIAN | Case No. C 09-03192 |
   | CERRE, individually and on behalf of all similarly | |
12 | situated current and former employees, | |
   | | **PROOF OF SERVICE** |
13 | Plaintiffs, | |
14 | | Date: |
   | v. | Time: |
15 | | Dept.:        6 |
   | SHELL OIL COMPANY, SHELL OIL PRODUCTS | Judge:        Hon. David B. Flinn |
16 | COMPANY LLC, and EQUILON ENTERPRISES | |
   | LLC dba SHELL OIL PRODUCTS US, and DOES 1 | Action filed: November 17, 2009 |
17 | through 20, inclusive, | Trial date:   None |
   | | |
18 | Defendants. | |

19

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

EXHIBIT __A__ PAGE __27__

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 3699 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010.

4

5

     On December 9, 2009, I served the following document(s) described as **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS OF SUIT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7

*Attorneys for Shell Oil Company; Shell Oil Products Company, LLC; Shell Oil Products US*

8

Angel Gomez
Deanna L. Ballesteros
Epstein Becker & Green, P.C.
1925 Century Park East, Suite 500
Los Angeles, Ca 90067-2506

9

10

11

12

☐   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

13

14

15

16

☒   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

17

18

☐   **BY E-MAIL TRANSMISSION:** On this date, I caused said document(s) to be transmitted via email to the e-mail addresses set forth below.

19

20

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22

     Executed on December 9, 2009, at Los Angeles, California.

23

24

*Tricia Neil*
_____
Tricia Neil

25

26

27

28

EXHIBIT __A__     PAGE __28__

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



2009 NOV 17  P 12: 41

K TOFFE CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: _____
J. MYOVICH DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Shell Oil Company, Shell Oil Products Company LLC, and Equilon
Enterprises LLC dba Shell Oil Products US, and Does 1 through 20, incl.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

David Gardner, Steve Mattern and Brian cerre, et al.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Le han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Wakefield Taylor Courthouse<br><br>725 Court Street<br>Martinez CA 94553 | CASE NUMBER:<br>*(Número del Caso):* **C 09 - 03192** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:    **FAX FILE**
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Linda S. Fang, Gilbert & Sackman, 3699 Wilshire Blvd., #1200, Los Angeles, CA 90010 (323-938-3000)

| DATE: November 17, 2009<br>*(Fecha)* | Clerk, by    J. Myovich<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT____A____ PAGE  29

CM-010

**FILED**

2009 NOV 17 P 12: 41

K TOKE CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

By: J. LYOVICH, DEPUTY CLERK

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
— Linda S Fang ( Bar No. 240245)
Gilbert & Sackman, A Law Corporation
3699 Wilshire Blvd., #1200
Los Angeles, CA 90010

TELEPHONE NO.: (323) 938-3000    FAX NO.: (323) 937-9139
ATTORNEY FOR (Name): David Gardner, Steve Mattern, Brian Cere, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | C 09 - 03192 |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

**FAX FILE**

1. Check one box below for the case type that best describes this case:

Auto Tort
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

Employment
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

Contract
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

Real Property
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

Unlawful Detainer
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

Judicial Review
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
- [ ] Enforcement of judgment (20)

Miscellaneous Civil Complaint
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

Miscellaneous Civil Petition
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): 4
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 17, 2009
Linda S. Fang
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT _____A_____  PAGE _____30_____

FILED

2009 NOV 17 P 12: 42

R. TORE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: J. MYOWER, DEPUTY CLERK

1  Robert A. Cantore (Bar No. 127462)
2  Jay Smith (Bar No. 166105)
   Joshua F. Young (Bar No. 232995)
3  Linda S. Fang (Bar No. 240245)
   **GILBERT & SACKMAN**
   **A LAW CORPORATION**
4  3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
5  Tel: (323) 938-3000
   Fax: (323) 937-9139
6
7  Attorneys for Plaintiffs
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA        SUMMONS ISSUED

10                  FOR THE COUNTY OF CONTRA COSTA

11 DAVID GARDNER, STEVE MATTERN, and        Case No.   **C 09 - 01912**
   BRIAN CERRE, individually and on behalf of all
12 similarly situated current and former employees,   **CLASS ACTION**
                                                       PER LOCAL RULE 5 THIS
13                  Plaintiffs,                        CASE IS ASSIGNED TO
                                                       DEPT. ____
14        v.
                                                       CLASS ACTION COMPLAINT FOR
15 SHELL OIL COMPANY, SHELL OIL                        DAMAGES, INJUNCTIVE RELIEF,
   PRODUCTS COMPANY LLC, and EQUILON                   RESTITUTION, ATTORNEYS' FEES, AND
16 ENTERPRISES LLC dba SHELL OIL                       COSTS OF SUIT
   PRODUCTS US, and DOES 1 through 20,
17 inclusive,                                          1.   Failure to Provide Meal Periods (Lab.
                                                            Code §§ 226.7, 512);
18                  Defendants.                        2.   Failure to Furnish Timely and Accurate
                                                            Wage Statements (Lab. Code §§ 226,
19                                                          226.3);
                                                       3.   Failure to Provide All Wages Due at the
20                                                          Time of Termination (Lab. Code §§ 201,
                                                            202, 203);
21                                                     4.   Violation of the California Unfair
                                                            Competition Law (Bus. & Prof. Code §
22                                                          17200 et seq.)

                                                       **FAX FILE**

                        **INTRODUCTION**

23        1.       Plaintiffs David Gardner, Steve Mattern, and Brian Cerre ("Named Plaintiffs") bring this

24 action against Defendants Shell Oil Company, Shell Oil Products Company LLC, and Equilon

25 Enterprises LLC dba Shell Oil Products US (collectively, "Shell" or "Shell Defendants") and other as of

26 yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code.

27 Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly

28 situated current and former employees who have been employed by one or more of the Defendants at the

   Martinez, California oil refinery and distribution facilities ("Martinez facility").

                                              1
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS

2.      Named Plaintiffs seek class-wide relief under California law for Defendant's breach of its legal obligations to provide meal periods, to furnish timely and accurate wage statements, and to provide all wages due at the time of termination, pursuant to California Labor Code §§ 201, 202, 203, 204, 226, 226.3, 226.7, and 512, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to employees at the Martinez facility.

3.      Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendant's unlawful, unfair, and fraudulent business practices which have deprived its employees of their rights under California labor laws and regulations, in order to reduce its payroll costs and increase profits, in violation of applicable laws.

**THE PARTIES**

4.      Named Plaintiff David Gardner is, and at all relevant times was, a competent adult residing in the State of California.

5.      Named Plaintiff Steve Mattern is, and at all relevant times was, a competent adult residing in the State of California.

6.      Named Plaintiff Brian Cerre is, and at all relevant times was, a competent adult residing in Contra Costa County, California.

7.      Named Plaintiffs are and have been employed by Defendant within the State of California and are "employees" as defined in Wage Order 1-2001.  Named Plaintiffs currently work or have worked 12-hour shifts at Defendant's facility located in Martinez, California.  Named Plaintiffs currently reside in the State of California.

8.      Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted.

9.      Defendant Shell Oil Company is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code

2

EXHIBIT _____A_____ PAGE _32_

1 § 17201. Defendant Shell Oil Company is an "employer" as that term is used in the California Labor

2 Code and Wage Order 1-2001.

3      10.    Defendant Shell Oil Products Company LLC is a corporation doing business in California

4 and is a "person" as defined by California Labor Code § 18 and by California Business and Professions

5 Code    § 17201. Defendant Shell Oil Products LLC is an "employer" as that term is used in the

6 California Labor Code and Wage Order 1-2001.

7      11.    Defendant Equilon Enterprises LLC is a corporation doing business in California and is a

8 "person" as defined by California Labor Code § 18 and by California Business and Professions Code

9 § 17201. Defendant Equilon Enterprises LLC is an "employer" as that term is used in the California

10 Labor Code and Wage Order 1-2001.

11      12.    The Shell Defendants collectively own and/or operate the Martinez facility, which

12 includes an oil refinery and distribution facilities, which are all located in Martinez, California.

13      13.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does

14 1 thought 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will

15 amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

16      14.    Plaintiffs are informed and believe and thereupon allege that, at all relevant times,

17 Defendants and each of them, directly or indirectly, or through an agent or any other person, employed

18 and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that

19 Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

20      15.    Venue is proper based on the location of work performed by Defendant in Contra Costa

21 County, the location of Shell's Martinez facility in Contra Costa County, the performance of various

22 contracts by Defendant in Contra Costa County, as well as the location of the commission of the acts

23 alleged herein in Contra Costa County. The relief requested is within the jurisdiction of this Court.

24 <div align="center">**FACTUAL ALLEGATIONS**</div>

25      16.    A class action complaint was filed against Defendants in Los Angeles County Superior

26 Court on April 25, 2008, alleging the same unfair business practices and violations of the California

27 Labor Code on behalf of the same proposed class as in this complaint. Class certification was denied in

28 that case on August 21, 2009. Because the filing of the class action complaint tolled the statute of

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS

EXHIBIT____A____ PAGE 33

1  limitations for the putative class members, the statutory period in this action runs from April 25, 2004,

2  four years prior to the filing of the previous class action complaint in Los Angeles County Superior

3  Court, to the present.

4      17.    Between April 25, 2004 and the present, Defendants have employed Plaintiffs to work 12-

5  hour shifts at the Martinez facility.

6      18.    Defendants uniformly require Plaintiffs to remain on duty throughout their 12-hour shifts.

7  Plaintiffs are not, among other things, allowed to leave the refinery during their shifts, and they are also

8  required to remain in their work units unless given specific permission to leave.  Additionally, Plaintiffs

9  are required to perform work duties, monitor the operation of their units, and remain in constant contact

10  with supervisors and other employees working in their unit throughout their 12-hour shifts.

11      19.    As a result, Defendants routinely fail to provide Plaintiffs with uninterrupted 30-minute

12  meal periods for every work period in excess of five hours, as required by law.

13      20.    Defendants do not have a policy or system for providing relief to Plaintiffs so as to allow

14  them to take uninterrupted 30-minute meal periods during which they are relieved of all duties.

15      21.    Defendants do not pay Plaintiffs an extra hour of pay for each work day during which they

16  are not provided a meal period.

17      22.    Defendants routinely fail to provide Plaintiffs with timely and accurate wage statements

18  showing, *inter alia*, their gross and/or net wages earned.  As a result, Plaintiffs have been injured by

19  Defendants' knowing and intentional failure to provide theis required information on their wage

20  statements.

21      23.    Defendants also routinely fail to maintain complete and accurate payroll records for

22  Plaintiffs showing, *inter alia*, the gross and net wages earned or whether employees are provided with or

23  actually take meal periods.

24      24.    Defendants routinely fail to pay all accrued wages and other compensation due

25  immediately to putative class members who have been terminated and routinely fail to pay all accrued

26  wages and other compensation due within 72 hours to putative class members who have resigned from

27  their employment with Defendant.

28  ///

4

EXHIBIT____A____ PAGE 34

**CLASS ALLEGATIONS**

25.     Named Plaintiffs seek, on their own behalf and on behalf of putative class members, unpaid wages owed as a result of Defendants' failure to provide meal periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute. Named Plaintiffs also seek injunctive relief in the form of an order prohibiting Defendants from requiring their employees to work shifts in excess of five hours without providing an uninterrupted 30-minute meal period. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through its unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from its violations of law and/or acts of unfair competition. Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be considered damages. This action is appropriate for class treatment pursuant to Code of Civil Procedure section 382.

26.     The proposed class which Named Plaintiffs seek to represent is composed of all current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted.

27.     The proposed class is estimated to include between 200 and 500 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

28.     There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendants' failure to provide meal periods as required by law.

29.     Common questions of fact and law involved in this action include the following:

        a.     Whether Defendants failed to provide Plaintiffs with meal periods in accordance with applicable California law because they failed to relieve employees working 12-hour shifts of all work duties;

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS

EXHIBIT _____A_____ PAGE __35__

b.  Whether Defendants failed to keep complete and accurate records of whether meal periods were provided to Plaintiffs in accordance with applicable California law;

c.  Whether Defendants failed to furnish timely and accurate wage statements to Plaintiffs in accordance with applicable California law;

d.  Whether Defendants failed to pay all wages due to employees at the time of termination in accordance with applicable California law;

e.  Whether Defendants maintains or has maintained common policies that failed to properly compensate Plaintiffs in accordance with applicable California law;

f.  Whether Defendants maintained policies that adequately provided for meal periods in accordance with the requirements of applicable California law;

g.  What compensatory damages, injunctive relief, and other equitable relief Plaintiffs are entitled to receive from Defendants; and

h.  Whether Defendants' policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

30.  The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

31.  Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

32.  The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the

6

EXHIBIT ___A___  PAGE 36

1   class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of

2   putative class members' rights and the disposition of their interests through actions to which they are not

3   parties.  This action is manageable as a class action because, compared with other methods such as

4   intervention or the consolidation of individual actions, a class action is fairer and more efficient.

5        33.    Common issues predominate Plaintiffs' claims in that all of their claims arise out of

6   Defendants' failure to provide meal periods as required by California law.  A class action is superior to

7   other available methods for the fair and efficient adjudication of this controversy because the putative

8   class members have little or no interest in individually controlling the prosecution of separate actions and

9   individualized litigation would increase the delay and expense to all parties and the court system.

10   Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices

11   and procedures complained of occurred within this Court's jurisdiction.

12        34.    Finally, Named Plaintiffs have retained attorneys who are competent and experienced in

13   class action litigation and they intend to prosecute this action vigorously.  Therefore, the interests of

14   putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

15   <div align="center">**FIRST CAUSE OF ACTION**</div>

16   <div align="center">FAILURE TO PROVIDE MEAL PERIODS</div>

17   <div align="center">(Lab. Code §§ 226.7, 512, Wage Order 1-2001)</div>

18   <div align="center">(By All Plaintiffs Against All Defendants)</div>

19        35.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 34, above, as though

20   fully set forth herein.

21        36.    Labor Code section 512 and Wage Order 1-2001 require employers to provide employees

22   with a 30-minute meal period for every work period in excess of five hours.  If an employee is not

23   relieved of all duty during the required meal periods, the employer must pay the employee for work

24   performed during those meal periods, plus an additional penalty of one hour's wage for each day in

25   which the required meal periods were not provided. Lab. Code § 226.7; Wage Order 1-2001 § 11(C).

26        37.    Plaintiffs worked 12-hour shifts while employed by Defendants and, therefore, they were

27   entitled to at least two 30-minute meal periods per shift, during which they must have been relieved of all

28   ///

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS

EXHIBIT___A___ PAGE 37

1    duty.  Wage Order 1-2001 §§ 2(G), 11(C).  During the statutory period, Defendants have had a policy

2    and/or practice of refusing and/or failing to provide their employees with required meal periods.

3        38.    Plaintiffs have not been provided all meal periods as required by applicable law and seek

4    to recover their unpaid wages for Defendants' violations of the meal period requirements of Labor Code

5    section 226.7 and Wage Order 1-2001.  As a result of Defendants' unlawful practices, Plaintiffs have lost

6    money and property as alleged above, in that they were required to work shifts of at least 12 hours

7    without receiving their required meal periods.  Further, Plaintiffs were not compensated for having been

8    denied such meal periods.  The extra hour of pay mandated by Labor Code section 226.7 and Wage Order

9    1-2001 for missed meal periods is in the nature of wages and is for the purpose of compensating the

10   employee for being required to work through his or her meal period.  The additional wages to which

11   Plaintiffs are entitled pursuant to this provision will be discernable from Defendants' records and will be

12   proven at the time of trial.

13       39.    Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in

14   bringing this action pursuant to Code of Civil Procedure section 1021.5.

15       WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

16                              **SECOND CAUSE OF ACTION**

17               FAILURE TO PROVIDE TIMELY AND ACCURATE WAGE STATEMENTS

18                                  (Lab. Code § 226)

19                         (By All Plaintiffs Against All Defendants)

20       40.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 39, above, as though

21   fully set forth herein.

22       41.    Labor Code section 226 requires employers to furnish its employees with accurate

23   itemized wage statements showing, *inter alia*, the gross and net wages earned. Lab. Code § 226(a). If an

24   employer does not provide such wage statements in accordance with applicable law, an employee

25   suffering injury as a result of such knowing and intentional failure is entitled to recover the greater of all

26   actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for

27   each violation in a subsequent pay period. Lab. Code § 226(e).

28   ///

8

EXHIBIT ___A___ PAGE 38

42.    The wage statements furnished by Defendants to Plaintiffs did not include the one hour of premium pay required by Labor Code section 226.7 for missed meal periods. As a result of this conduct, Plaintiffs have been injured because of the time expense they have spent and will spend in reconstructing their time and pay records in order to prove their claims for unpaid wages.

43.    Defendants' violations of Labor Code section 226 are ongoing and will continue until and unless this Court enters an injunction barring such violations. Plaintiffs therefore seek damages and injunctive relief pursuant to Labor Code sections 226(e) and 226(g), respectively.

44.    Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5 and Labor Code section 226(g).

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE TIMELY AND ACCURATE WAGE STATEMENTS

(Lab. Code §§ 201-203)

(By All Plaintiffs Against All Defendants)

45.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 44, above, as though fully set forth herein.

46.    Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages when due, the employer must continue to pay the employees' daily wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days' wages.

47.    Putative class members whose employment with Defendants has ceased are entitled to all of their unpaid wages, including their premium wages for missed meal periods. To date, they have not received such compensation and more than 30 days have passed since putative class members left Defendants' employ. As a consequence of Defendants' willful failure to timely pay all wages due to such employees, they are entitled to 30 days' wages pursuant to Labor Code section 203.

48.    Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

9

EXHIBIT ___A___ PAGE 39

**FOURTH CAUSE OF ACTION**

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By All Plaintiffs Against All Defendants)

49.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 48, above, as though fully set forth herein.

50.     The California Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute.   The UCL also provides that a court may enjoin acts of unfair competition, issue declaratory and other equitable relief, and order restitution of money or property acquired by means of such unfair competition.

51.     Beginning on an exact date unknown to Plaintiffs, but between April 25, 2004 and the present, Defendants have committed acts of unfair competition proscribed by Business and Professions Code section 17200 *et seq.*, including the acts and practices alleged herein.  Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

a.     Labor Code §§ 201-203 (wages at discharge);

b.     Labor Code § 204 (payment of wages);

c.     Labor Code §§ 226, 226.3 (itemized wage statements);

d.     Labor Code §§ 226.7, 512 (meal periods); and

e.     California Industrial Welfare Commission Order No. 16-2001 (meal periods).

52.     Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Plaintiffs for purposes of the UCL and the remedies provided therein.  As a direct and proximate result of the aforementioned unfair business practices, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs and Defendants have profited in that amount from their unlawful practices.

///

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS

EXHIBIT___A___PAGE___40

53.     Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Plaintiffs are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies unlawfully withheld from them from April 25, 2004 to the present. Plaintiffs will, upon leave of the Court, amend this complaint to state such amounts when they are ascertained.

54.     Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees of Defendants.  Plaintiffs seek and are entitled to unpaid wages, injunctive relief, and any other relief to which they are entitled under the UCL.

55.     Defendants' violations of the UCL are ongoing and will continue until and unless this Court enters an injunction barring such violations.  Plaintiffs therefore seek damages and injunctive relief pursuant to Business and Professions Code section 17203.

56.     Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.     For an order certifying this action as a class action;

2.     For an award of all unpaid wages due to Plaintiffs during the statutory period as defined by the Court at the time of certification;

3.     For an award of one hour of pay at each employee's regular rate of pay for each work day during which they were not provided with an uninterrupted 30-minute meal period for every work period in excess of five hours during the statutory period as defined by the Court at the time of certification;

4.     For an award of waiting time penalties to Defendants' former employees pursuant to Labor Code section 203;

///

11

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS

EXHIBIT ___A___ PAGE _41_

5.     For an award of damages and/or penalties and injunctive relief pursuant to Labor Code section 226;

6.     For pre-judgment interest to the extent permitted by law;

7.     For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Labor Code section 226 and Code of Civil Procedure section 1021.5, and other applicable legal authorities;

8.     For an injunction against Defendants' unlawful business practices;

9.     For an order to pay restitution to Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to Business and Professions Code sections 17200-05;

10.     For such other and further relief as the Court may deem proper.

Dated: November 16, 2009

Respectfully submitted,

Robert A. Cantore
Jay Smith
Joshua F. Young
Linda S. Fang
**Gilbert & Sackman, A Law Corporation**

By: _Linda S. Fang_
Linda S. Fang

---

12

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS

EXHIBIT _A_ PAGE _42_

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA  94553

GARDNER VS SHELL OIL COMPANY

MSC09-03192

NOTICE OF ASSIGNMENT TO DEPARTMENT SIX FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 6, Judge D. Flinn
presiding, for all purposes; Department 6 is designated as the complex
litigation department of the Court and as such (a) hears all cases
wherein a designation of complex case has been made and (b) conducts
hearings, in cases that this court determines, on a preliminary basis
may be complex, to determine whether the case should remain in the
complex litigation program.

2. All counsel are required to appear in Dept. 6 on 01/19/10
   at 8:30am.
   (a) If the case has been designated as complex, and no counter-
       designation has been filed, the Court will hold its first
       case management conference at that time.
   (b) If the case has been assigned to Department 6 on a
       preliminary basis the Court will hold a hearing to determine
       if the matter is, or is not, complex.  If the matter is
       determined to be complex, the Court will then proceed with
       the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possiblity of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant.  It is the Court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.

EXHIBIT____A____ PAGE___43

Fax sent by  : 213 282 3996        ALL IN ONE LEGAL SUP        1-19-09 11:58a    Pg: 2/8




## Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS

### In Unlimited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

1.  **Have the forms the clerk gives you served on all defendants in this case:**
    a.  The Complaint
    b.  The Summons
    c.  The Notice of Case Management Conference (shows hearing date and time)
    d.  The Notice to Defendants  (Local Court Form CV-655d)
    e.  Blank: Case Management Statement (Judicial Council Form CM-110)
    f.  Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
    g.  Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2.  **Within 60 days of the date you filed the complaint you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3.  **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4.  **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr , or call (925) 957-5787.

5.  **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order *(Order to Show Cause)* for them to explain in court why they should not have to pay a fine or have their case dismissed.

## VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*
CV-655a/Rev. 01/25/2007
Packet Revised 1/1/09

EXHIBIT____A____ PAGE __44__

Fax sent by : 213 202 3996        ALL IN ONE LEGAL SUP        1-19-09 11:58a    Pg: 3/8




## Superior Court of California, County of Contra Costa

### NOTICE TO DEFENDANTS
In <u>Unlimited Jurisdiction</u> Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

   a.   The Summons

   b.   The Complaint

   c.   The Notice of Case Management (shows hearing date and time)

   d.   <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)

   e.   <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

   f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

<u>You must:</u>

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement*  *(CM-110)*

3. **File and serve your court papers on time**    Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within 60 days.

5. **Go to court on the date and time given in the** *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit <u>www.cc-courts.org/adr</u>, or call (925) 957-5787.

**IMPORTANT!** The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

<u>**COURT FEES:**</u> You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>**COURT FORMS:**</u> Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

CV-655d/Rev. 11/05/2007

EXHIBIT ___A___ PAGE __45__




## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____
_____

Plaintiff(s) / Cross Plaintiff(s)

vs.

### _ADR Case Management Stipulation and Order_
### _(Unlimited Jurisdiction Civil Cases)_

_____
_____

Defendant(s) / Cross Defendant(s)

CASE NO.: _____

▸ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

▸ PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i.   ☐ Mediation   (☐ Court-connected   ☐ Private)
      ii.  ☐ Arbitration   (☐ Judicial Arbitration (non-binding)   ☐ Private (non-binding)   ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by (date): _____ (no more than 14 days after filing this form)
   c. ADR shall be completed by (date): _____ (no more than 90 days after filing this form)

2. The parties will complete the following discovery plan:
   a. ☐ Written discovery:   (☐ Additional page(s) attached)
      i.   ☐ Interrogatories to: _____
      ii.  ☐ Request for Production of Documents to: _____
      iii. ☐ Request for Admissions to: _____
      iv.  ☐ I _____
      v.   ndependent Medical Evaluation of: _____
      vi.  ☐ Other: _____
   b. ☐ Deposition of the following parties or witnesses:   (☐ Additional page(s) attached)
      i.   _____
      ii.  _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed

3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff/ Plaintiff's counsel must notify all parties of the new case management conference.

Dated: _____                 _____
                                          Judge of the Superior Court

CV-655b/Rev. 12/2008                      Local Court Rules, Rule 5 (h)(1)(a)(ii)

EXHIBIT____A____ PAGE ___46



CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | |
| CASE MANAGEMENT STATEMENT (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

EXHIBIT A PAGE 47

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**10. d.** The party or parties are willing to participate in *(check all that apply):*

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

  **e.** ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  **f.** ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  **g.** ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  **a.** ☐ Insurance carrier, if any, for party filing this statement *(name):*

  **b.** Reservation of rights: ☐ Yes ☐ No

  **c.** ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy ☐ Other *(specify):*

  Status:

**14. Related cases, consolidation, and coordination**

  **a.** ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

   ☐ Additional cases are described in Attachment 14a.

  **b.** ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

EXHIBIT ____A____ PAGE ___48___

Fax sent by  : 213 282 3996        ALL IN ONE LEGAL SUP        11-19-09 11:59a    Pg:  7/8



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

### *Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

EXHIBIT___A___ PAGE __49__

Fax sent by : 213 202 3996          ALL IN ONE LEGAL SUP          1-19-09 11:59a    Pg: 8/8




## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

EXHIBIT____A____ PAGE___50___

EPSTEIN BECKER & GREEN

DEC 1 0 2009

1   Robert A. Cantore (Bar No. 127462)
    Jay Smith (Bar No. 166105)
2   Joshua F. Young (Bar No. 232995)
    Linda S. Fang (Bar No. 240245)
3   **GILBERT & SACKMAN**
    **A LAW CORPORATION**
4   3699 Wilshire Boulevard, Suite 1200
    Los Angeles, California 90010-2732
5   Telephone:    (323) 938-3000
    Fax:          (323) 937-9139
6
    Attorneys for Plaintiffs
7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF CONTRA COSTA**

10

11  DAVID GARDNER, STEVE MATTERN, and BRIAN      Case No. C 09-03192
    CERRE, individually and on behalf of all similarly
12  situated current and former employees,

13                  Plaintiffs,                   **PROOF OF SERVICE**

14          v.

15  SHELL OIL COMPANY, SHELL OIL PRODUCTS         Date:
    COMPANY LLC, and EQUILON ENTERPRISES          Time:
16  LLC dba SHELL OIL PRODUCTS US, and DOES 1     Dept.:      6
    through 20, inclusive,                        Judge:      Hon. David B. Flinn
17
                    Defendants.                   Action filed: November 17, 2009
18                                                Trial date:  None

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    EXHIBIT ___A___ PAGE __51__

    **PROOF OF SERVICE**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3699 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010.

On December 9, 2009, I served the following document(s) described as **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS OF SUIT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

*Attorneys for Shell Oil Company; Shell Oil Products Company, LLC; Shell Oil Products US*

Angel Gomez
Deanna L. Ballesteros
Epstein Becker & Green, P.C.
1925 Century Park East, Suite 500
Los Angeles, Ca 90067-2506

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY E-MAIL TRANSMISSION:** On this date, I caused said document(s) to be transmitted via email to the e-mail addresses set forth below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2009, at Los Angeles, California.

*Tricia Neil*
Tricia Neil

EXHIBIT ___A___ PAGE ___52___

Fax sent by : 213 202 3996          ALL IN ONE LEGAL SUP          12-08-09 03:57p    Pg: 2/4

EPSTEIN BECKER & GREEN

DEC 10 2009

1  Robert A. Cantore (Bar No. 127462)
   Jay Smith (Bar No. 166105)
2  Joshua F. Young (Bar No. 232995)
   Linda S. Fang (Bar No. 240245)
3  GILBERT & SACKMAN
   A LAW CORPORATION
4  3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
5  Tel: (323) 938-3000
   Fax: (323) 937-9139
6
7  Attorneys for Plaintiffs

F I L E D

DEC 0 8 2009

SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
M. RIGOS
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF CONTRA COSTA

10 DAVID GARDNER, STEVE MATTERN, and          Case No. C 09-03192
   BRIAN CERRE, individually and on behalf of all
11 similarly situated current and former employees,   CLASS ACTION

12                 Plaintiffs,                    FIRST AMENDED CLASS ACTION
                                                  COMPLAINT FOR DAMAGES, INJUNCTIVE
13        v.                                      RELIEF, RESTITUTION, ATTORNEYS' FEES,
                                                  AND COSTS OF SUIT
14 SHELL OIL COMPANY, SHELL OIL
   PRODUCTS COMPANY LLC, and EQUILON      1.   Failure to Provide Meal Periods (Lab.
15 ENTERPRISES LLC dba SHELL OIL               Code §§ 226.7, 512);
   PRODUCTS US, and DOES 1 through 20,    2.   Failure to Pay All Wages Due at the Time
16 inclusive,                                  of Termination (Lab. Code §§ 201, 202,
                                               203);
17                 Defendants.            4.   Violation of the California Unfair
                                               Competition Law (Bus. & Prof. Code
18                                             § 17200 et seq.)

19                                        DEMAND FOR JURY TRIAL

20                                             FAX FILE

21                 INTRODUCTION

22        1.      Plaintiffs David Gardner, Steve Mattern, and Brian Cerre ("Named Plaintiffs") bring this

23 action against Defendants Shell Oil Company, Shell Oil Products Company LLC, and Equilon

24 Enterprises LLC dba Shell Oil Products US (collectively, "Shell" or "Shell Defendants") and other as of

25 yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code.

26 Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly

27 situated current and former employees who have been employed by one or more of the Defendants at the

28 Martinez, California oil refinery and distribution facilities ("Martinez facility").

1

EXHIBIT ___A___ PAGE 53

2.      Named Plaintiffs seek class-wide relief under California law for Defendant's breach of its legal obligations to provide meal periods and to pay all wages due at the time of termination, pursuant to California Labor Code §§ 201, 202, 203, 204, 226.3, 226.7, and 512, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to employees at the Martinez facility.

3.      Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendant's unlawful, unfair, and fraudulent business practices which have deprived its employees of their rights under California labor laws and regulations, in order to reduce its payroll costs and increase profits, in violation of applicable laws.

## THE PARTIES

4.      Named Plaintiff David Gardner is, and at all relevant times was, a competent adult residing in the State of California.

5.      Named Plaintiff Steve Mattern is, and at all relevant times was, a competent adult residing in the State of California.

6.      Named Plaintiff Brian Cerre is, and at all relevant times was, a competent adult residing in Contra Costa County, California.

7.      Named Plaintiffs are and have been employed by Defendant within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently work or have worked 12-hour shifts at Defendant's facility located in Martinez, California. Named Plaintiffs currently reside in the State of California.

8.      Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted.

9.      Defendant Shell Oil Company is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code

///

2    EXHIBIT ___A___ PAGE 54

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

§ 17201.  Defendant Shell Oil Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

10.    Defendant Shell Oil Products Company LLC is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code      § 17201.  Defendant Shell Oil Products LLC is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

11.    Defendant Equilon Enterprises LLC is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201.  Defendant Equilon Enterprises LLC is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

12.    The Shell Defendants collectively own and/or operate the Martinez facility, which includes an oil refinery and distribution facilities, which are all located in Martinez, California.

13.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 thought 20, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

14.    Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

15.    Venue is proper based on the location of work performed by Defendant in Contra Costa County, the location of Shell's Martinez facility in Contra Costa County, the performance of various contracts by Defendant in Contra Costa County, as well as the location of the commission of the acts alleged herein in Contra Costa County.  The relief requested is within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

16.    A class action complaint was filed against Defendants in Los Angeles County Superior Court on April 25, 2008, alleging the same unfair business practices and violations of the California Labor Code on behalf of the same proposed class as in this complaint.  Class certification was denied in that case on August 21, 2009.  Because the filing of the class action complaint tolled the statute of

limitations for the putative class members, the statutory period in this action runs from April 25, 2004, four years prior to the filing of the previous class action complaint in Los Angeles County Superior Court, to the present.

17.    Between April 25, 2004 and the present, Defendants have employed Plaintiffs to work 12-hour shifts at the Martinez facility.

18.    Defendants uniformly require Plaintiffs to remain on duty throughout their 12-hour shifts. Plaintiffs are not, among other things, allowed to leave the refinery during their shifts, and they are also required to remain in their work units unless given specific permission to leave.  Additionally, Plaintiffs are required to perform work duties, monitor the operation of their units, and remain in constant contact with supervisors and other employees working in their unit throughout their 12-hour shifts.

19.    As a result, Defendants routinely fail to provide Plaintiffs with uninterrupted 30-minute meal periods for every work period in excess of five hours, as required by law.

20.    Defendants do not have a policy or system for providing relief to Plaintiffs so as to allow them to take uninterrupted 30-minute meal periods during which they are relieved of all duties.

21.    Defendants do not pay Plaintiffs an extra hour of pay for each work day during which they are not provided a meal period.

22.    Defendants also routinely fail to maintain complete and accurate payroll records for Plaintiffs showing, *inter alia*, the gross and net wages earned or whether employees are provided with or actually take meal periods.

23.    Defendants routinely fail to pay all accrued wages and other compensation due immediately to putative class members who have been terminated and routinely fail to pay all accrued wages and other compensation due within 72 hours to putative class members who have resigned from their employment with Defendant.

## CLASS ALLEGATIONS

24.    Named Plaintiffs seek, on their own behalf and on behalf of putative class members, unpaid wages owed as a result of Defendants' failure to provide meal periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute.  Named Plaintiffs also seek

injunctive relief in the form of an order prohibiting Defendants from requiring their employees to work shifts in excess of five hours without providing an uninterrupted 30-minute meal period. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through its unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from its violations of law and/or acts of unfair competition. Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be considered damages. This action is appropriate for class treatment pursuant to Code of Civil Procedure section 382.

25. The proposed class which Named Plaintiffs seek to represent is composed of all current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted.

26. Plaintiffs also seek to represent the following subclasses of the above-described class:

    a. All current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who were not provided uninterrupted 30-minute meal periods in accordance with California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 1-2001 section 11, between April 25, 2004 and the present.

    b. All former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who, at any time between April 25, 2004 and the present, were discharged or resigned from employment and were not timely paid all wages due and owing, pursuant to California Labor Code section 203.

27. The proposed class is estimated to include between 200 and 500 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

28. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendants' failure to provide meal periods as required by law.

///

EXHIBIT ___A___ PAGE ___57___

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

29.     Common questions of fact and law involved in this action include the following:

a.      Whether Defendants failed to provide Plaintiffs with meal periods in accordance with applicable California law because they failed to relieve employees working 12-hour shifts of all work duties;

b.      Whether Defendants failed to keep complete and accurate records of whether meal periods were provided to Plaintiffs in accordance with applicable California law;

c.      Whether Defendants failed to pay all wages due to employees at the time of termination in accordance with applicable California law;

d.      Whether Defendants maintains or has maintained common policies that failed to properly compensate Plaintiffs in accordance with applicable California law;

e.      Whether Defendants maintained policies that adequately provided for meal periods in accordance with the requirements of applicable California law;

f.      What compensatory damages, injunctive relief, and other equitable relief Plaintiffs are entitled to receive from Defendants; and

g.      Whether Defendants' policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

30.     The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

31.     Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

EXHIBIT   A   PAGE 58

6

32.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties.   This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

33.     Common issues predominate Plaintiffs' claims in that all of their claims arise out of Defendants' failure to provide meal periods as required by California law.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

34.     Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously.   Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Lab. Code §§ 226.7, 512, Wage Order 1-2001)

(By All Plaintiffs Against All Defendants)

35.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 34, above, as though fully set forth herein.

36.     Labor Code section 512 and Wage Order 1-2001 require employers to provide employees with a 30-minute meal period for every work period in excess of five hours.  If an employee is not relieved of all duty during the required meal periods, the employer must pay the employee for work performed during those meal periods, plus an additional penalty of one hour's wage for each day in which the required meal periods were not provided.  Lab. Code § 226.7; Wage Order 1-2001 § 11(C).

///

EXHIBIT____A____ PAGE __59__

7

37.    Plaintiffs worked 12-hour shifts while employed by Defendants and, therefore, they were entitled to at least two 30-minute meal periods per shift, during which they must have been relieved of all duty.  Wage Order 1-2001 §§ 2(G), 11(C).  During the statutory period, Defendants have had a policy and/or practice of refusing and/or failing to provide their employees with required meal periods.

38.    Plaintiffs have not been provided all meal periods as required by applicable law and seek to recover their unpaid wages for Defendants' violations of the meal period requirements of Labor Code section 226.7 and Wage Order 1-2001.  As a result of Defendants' unlawful practices, Plaintiffs have lost money and property as alleged above, in that they were required to work shifts of at least 12 hours without receiving their required meal periods.  Further, Plaintiffs were not compensated for having been denied such meal periods.  The extra hour of pay mandated by Labor Code section 226.7 and Wage Order 1-2001 for missed meal periods is in the nature of wages and is for the purpose of compensating the employee for being required to work through his or her meal period.  The additional wages to which Plaintiffs are entitled pursuant to this provision will be discernable from Defendants' records and will be proven at the time of trial.

39.    Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AT THE TIME OF DISCHARGE OR RESIGNATION

(Lab. Code §§ 201-203)

(By All Plaintiffs Against All Defendants)

40.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 39, above, as though fully set forth herein.

41.    Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law.  Labor Code section 203 provides that if an employer willfully fails to pay such wages when due, the employer must continue to pay the employees' daily wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days' wages.

///

EXHIBIT ___A___ PAGE _60_

8

42.    Putative class members whose employment with Defendants has ceased are entitled to all of their unpaid wages, including their premium wages for missed meal periods.  To date, they have not received such compensation and more than 30 days have passed since putative class members left Defendants' employ.  As a consequence of Defendants' willful failure to timely pay all wages due to such employees, they are entitled to 30 days' wages pursuant to Labor Code section 203.

43.    Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

### THIRD CAUSE OF ACTION

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By All Plaintiffs Against All Defendants)

44.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 43, above, as though fully set forth herein.

45.    The California Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute.   The UCL also provides that a court may enjoin acts of unfair competition, issue declaratory and other equitable relief, and order restitution of money or property acquired by means of such unfair competition.

46.    Beginning on an exact date unknown to Plaintiffs, but between April 25, 2004 and the present, Defendants have committed acts of unfair competition proscribed by Business and Professions Code section 17200 *et seq.*, including the acts and practices alleged herein.  Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

     a.     Labor Code §§ 201-203 (wages at discharge);

     b.     Labor Code § 204 (payment of wages);

     c.     Labor Code §§ 226.7, 512 (meal periods); and

9

EXHIBIT___A___ PAGE 61

d.    California Industrial Welfare Commission Order No. 16-2001 (meal periods).

47.    Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Plaintiffs for purposes of the UCL and the remedies provided therein.  As a direct and proximate result of the aforementioned unfair business practices, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs and Defendants have profited in that amount from their unlawful practices.

48.    Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Plaintiffs are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies unlawfully withheld from them from April 25, 2004 to the present. Plaintiffs will, upon leave of the Court, amend this complaint to state such amounts when they are ascertained.

49.    Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees of Defendants.  Plaintiffs seek and are entitled to unpaid wages, injunctive relief, and any other relief to which they are entitled under the UCL.

50.    Defendants' violations of the UCL are ongoing and will continue until and unless this Court enters an injunction barring such violations.  Plaintiffs therefore seek damages and injunctive relief pursuant to Business and Professions Code section 17203.

51.    Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.    For an order certifying this action as a class action;

2.    For an award of all unpaid wages due to Plaintiffs during the statutory period as defined by the Court at the time of certification;

EXHIBIT __A__ PAGE __62__

3.      For an award of one hour of pay at each employee's regular rate of pay for each work day during which they were not provided with an uninterrupted 30-minute meal period for every work period in excess of five hours during the statutory period as defined by the Court at the time of certification;

4.      For an award of waiting time penalties to Defendants' former employees pursuant to Labor Code section 203;

5.      For pre-judgment interest to the extent permitted by law;

6.      For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Code of Civil Procedure section 1021.5, and other applicable legal authorities;

7.      For an injunction against Defendants' unlawful business practices;

8.      For an order to pay restitution to Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to Business and Professions Code sections 17200-05;

9.      For such other and further relief as the Court may deem proper.


Dated: December 8, 2009

                                        Respectfully submitted,

                                        Robert A. Cantore
                                        Jay Smith
                                        Joshua F. Young
                                        Linda S. Fang
                                        **Gilbert & Sackman, A Law Corporation**


                                        By: _____
                                            Linda S. Fang


EXHIBIT ___A___ PAGE ___63___

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS

## **DEMAND FOR JURY TRIAL**

Plaintiffs David Gardner, Steve Mattern, and Brian Cerre, individually and on behalf of all similarly situated current and former employees of Defendant, hereby request a jury trial on all claims so triable.

Dated: December 8, 2009

Robert A. Cantore
Jay Smith
Joshua F. Young
Linda S. Fang
**Gilbert & Sackman, A Law Corporation**


By: _Linda S. Fang_
Linda S. Fang
Attorneys for Plaintiffs

EXHIBIT ___A___ PAGE ___6A___

1ST AMENDED CLASS ACTION CMPLT. FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTYS' FEES, COSTS



ROD FREER
323-938-3000 333
GILBERT & SACKMAN
3699 WILSHIRE BLVD., STE. 1200
LOS ANGELES CA 90010

**SHIP TO:**
DEANNA L. BALLESTEROS
323-938-3000
EPSTEIN BECKER & GREEN P.C.
SUITE 500
1925 CENTURY PARK EAST
LOS ANGELES CA 90067-2706

LTR

CA 900 9-30

1 OF 1

UPS NEXT DAY AIR    1

TRACKING #: 1Z F89 51X 01 9808 2575

BILLING: P/P

Reference#1: Shell

UPS 11.8.03        WWXED70 96.0A 10/2009

TM

# Exhibit  B

# ARTICLES
# OF
# AGREEMENT

BETWEEN

SHELL OIL PRODUCTS US
MARTINEZ REFINERY

AND

PAPER, ALLIED-INDUSTRIAL,
CHEMICAL AND ENERGY WORKERS
INTERNATIONAL UNION, A.F.L.-C.I.O., CLC
LOCAL NO. 8-5

FEBRUARY 1, 2002



EXHIBIT _____B_____ PAGE _66