IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARDNER, STEVE MATTERN and BRIAN CERRE,<br><br>          Plaintiffs,<br><br>     v.<br><br>SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC and EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US,<br><br>          Defendants.<br>_____/ | No. 09-05876 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE |

Plaintiffs David Gardner, Steve Mattern and Brian Cerre allege unfair business practices and violations of the California Labor Code against Defendants Shell Oil Company, Shell Oil Products Company LLC and Equilon Enterprises LLC dba Shell Oil Products US. Defendants move to dismiss Plaintiffs' second cause of action, which is for failure to pay wages due at the time of termination under California Labor Code sections 201, 202 and 203. Defendants separately move to strike allegations in Plaintiffs' complaint relating to this cause of action as well as allegations pertaining to Plaintiffs' effort to bring this case as a class action. Plaintiffs oppose the motions. Having considered all of the papers filed by the parties, the Court grants Defendants' motion to

dismiss the second cause of action and denies Defendants' motion to strike.

## BACKGROUND

Plaintiffs are currently employed by Defendants and allege that they work or have worked twelve-hour shifts at Defendants' facility in Martinez, California. First Amended Complaint (FAC) ¶ 7. Plaintiffs have not alleged that they have resigned their employment with Defendants or that they have been terminated by Defendants. Plaintiffs bring this action individually and on behalf of the following class of individuals:

> All current and former employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who worked at least one 12-hour shift as an Operator, Gauger/Pumper, and/or Terminal Operator at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted.

Plaintiffs seek to represent the following subclass:

> All former employees of Defendants Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who, at any time between April 25, 2004 and the present, were discharged or resigned form employment and were not timely paid all wages due and owing, pursuant to California Labor Code section 203.

Plaintiffs have sued Defendants asserting three causes of action: (1) "failure to provide meal periods" in violation of California Labor Code sections 226.7 and 512 and Wage Order 1-2001; (2) "failure to pay all wages due at the time of discharge or resignation" in violation of California Labor Code sections 201, 202 and 203; and (3) "unfair business practices and unfair competition" in violation of Business and Professions Code section 17200.

2

I.   Motion to Dismiss for Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

Plaintiffs allege that they are currently employed by Defendants. To bring a cause of action under Labor Code sections 201, 202 and 203, a plaintiff's employment by the defendant must have ended, whether involuntarily or by resignation. See Cal. Labor Code § 201(a) ("If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."); id. § 202(a) ("If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter . . ."); id. ¶ 203(a) ("If an employer willfully fails to pay, without abatement or reduction . . . any wages of an

3

employee who is discharged or who quits, the wages of the employee shall continue as a penalty . . ."). Because Plaintiffs' employment has not been terminated, Plaintiffs fail to state a claim under sections 201, 202 or 203 of the Labor Code. The fact that Plaintiffs seek to represent a class of similarly situated individuals does not change the Court's analysis. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' second cause of action.

II. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994). A matter is immaterial if it has no essential or important relationship to the claim for relief plead. Id. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. Id.

Defendants seek to strike the following: (1) Plaintiffs' class allegations on the basis that they are barred by issue preclusion; (2) Plaintiffs' alleged subclass claiming waiting time penalties under the Labor Code, (3) Plaintiffs' allegations that the relevant statute of limitations for the claims of their proposed class should commence on April 26, 2004, over four years before Plaintiffs filed this action; and (4) Plaintiffs' allegations basing their UCL claim on alleged violations of Labor Code sections 201, 202 and 203.

4

1  Defendants argue that Plaintiffs' class allegations are barred
2 by issue preclusion arising from an August 21, 2009 order denying
3 class certification in <u>United Steel, Paper & Forestry, Rubber
4 Manufacturing, Energy, Allied Industrial & Service Workers Int'l
5 Union, et al. v. Shell Oil Company</u>, 08-3693, (C.D. Cal.)
6 (hereinafter "<u>USW</u>").  In that case, the plaintiff union and others
7 sued the Defendants who are being sued in this case, as well as a
8 different company, Tesoro.  Plaintiffs in the instant litigation
9 are members of the union that brought the 2008 case.  In that case,
10 the plaintiffs alleged meal and rest period violations, wage
11 statement violations, failure to pay all wages due upon termination
12 or resignation under state wage and hour laws, and violations of
13 California's Unfair Competition Law.  The plaintiffs sought to
14 certify a class consisting of employees of two different employers
15 at three different oil refineries located throughout California.
16 The putative class members included current, former and future
17 employee who occupied the following positions: (1) console or board
18 operators, (2) outside operators, (3) field operators, (4) head
19 pumpers, (5) zone gaugers, (6) wharf employees and (7) laboratory
20 technicians.

21  The district court noted that "Defendants likely promised
22 these employees differing wages, based on their respective duties
23 and responsibilities.  In light of these facts, the Court finds
24 that managing such a class would be rife with difficulties because
25 each member's damages would likely vary substantially.
26 Determination of such damages would involve individualized
27 assessments that are not conducive to class treatment."  Request

5

for Judicial Notice (RJN), Exh. B at 24.[1]  The court concluded that the plaintiffs "failed to meet their burden of establishing that class resolution is a superior method of adjudicating this matter, as required under Rule 23(b)(3)."  Id.

Following denial of class certification, the district court remanded the case to state court because the plaintiffs' claims no longer met the jurisdictional requirements under the Class Action Fairness Act.  The plaintiffs then filed in state court a motion for leave to amend the complaint to narrow the proposed class to a subset of the plaintiffs and defendants listed in their original complaint.  The narrowed class included only shift employees from only one refinery, and did not include Plaintiffs or the class proposed in this case.

A few weeks before those plaintiffs filed their motion to amend their complaint, Plaintiffs in the instant litigation filed a putative class action against the Shell Defendants only, for conduct occurring at the Martinez refinery, not those listed in the amended complaint in the 2008 case.  Plaintiffs' complaint alleges meal period violations, but not rest period violations, failure to pay all wages due at the time of termination or resignation and violations of the UCL.

In a diversity action, the Court must apply the collateral estoppel rules of the forum state.  Semtek Int'l v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001) ("Since state, rather than federal,

---

[1] The Court grants Defendants' request to take judicial notice of proceedings in other courts.  Duckett v. Godinez, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take judicial notice of proceedings in other courts, whether in the federal or state systems.").

6

substantive law is at issue there is no need for a uniform federal rule. . . .  This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits.").  Under California law, the preclusive effect of a federal court judgment or order is resolved according to federal law.  <u>Greenwich Ins. Co. v. Media Breakaway, LLC</u>, 2009 WL 2231678, at *5 (C.D. Cal.) (citing <u>Younger v. Jensen</u>, 26 Cal. 3d 397, 411 (1980) ("A federal judgment has the same effect in the courts of this state as it would have in a federal court."); <u>see also</u> <u>AT&T Communications-East Inc. v. Central Puget Sound Regional Transit Authority</u>, 2008 WL 2790228, at *6 (W.D. Wash.); <u>Schoenleber v. Harrah's Laughlin, Inc.</u>, 423 F. Supp. 2d 1109, 1111 (D. Nev. 2006).  Plaintiffs argue that the Court should analyze under California law the preclusive effect of the previous judgment, but they rely on cases concerning estoppel by a state court judgment or order.  The present case is distinguishable because Defendants seek to preclude class certification here as estoped by a previous federal court order.  Therefore, federal law regarding collateral estoppel will be applied to the present case.

Under federal law, collateral estoppel, or issue preclusion, bars re-litigation of issues when:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

<u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 (9th

7

1 Cir. 2006). However, "it is inappropriate to apply collateral
2 estoppel when its effect would be unfair." Eureka Fed. Sav. & Loan
3 Ass'n v. Am. Cas. Co. of Reading, Pa., 873 F.2d 229, 234 (9th Cir.
4 1989).

5   Plaintiffs dispute that the class certification issues
6 necessarily decided in the previous proceeding are identical to
7 those presently before the Court. The Court looks to four factors
8 to aid in "[d]etermining whether two issues are identical for
9 purposes of collateral estoppel: (1) is there a substantial overlap
10 between the evidence or argument to be advanced in the second
11 proceeding and that advanced in the first? (2) does the new
12 evidence or argument involve the application of the same rule of
13 law as that involved in the prior proceeding? (3) could pretrial
14 preparation and discovery related to the matter presented in the
15 first action reasonably be expected to have embraced the matter
16 sought to be presented in the second? and (4) how closely related
17 are the claims involved in the two proceedings?" Resolution Trust
18 Corp. v. Keating, 186 F. 3d 1110, 1116 (9th Cir. 1999) (citations
19 omitted).

20   Plaintiffs in the present case were included in the putative
21 class in the original 2008 case and they now argue that the "only
22 thing truly different in this case is the putative class (which . .
23 . is substantially different)." Opposition at 8 (emphasis in
24 original). The court in the 2008 case focused on the propriety of
25 certifying a very broad class of employees of two companies at
26 several different locations. In the present case, Plaintiffs
27 propose a class definition that does not include the flaws

8

identified in the class proposed in the prior lawsuit, which resulted in denial of certification. In fact, the class Plaintiffs seek to certify in the present case is quite different than the one the plaintiffs tried to certify in the earlier proceeding. Therefore, although Plaintiffs bring claims against Defendants based on the same substantive law as that raised in the previous case, Defendants have failed to carry their burden to show that the issues they seek to preclude are identical to the issues decided in the previous case. Therefore, collateral estoppel does not preclude Plaintiffs from alleging their claims on a class basis. Accordingly, the Court denies Defendants' motion to strike Plaintiffs' class allegations.

Defendants move to strike Plaintiffs' proposal to extend the class period back to April 25, 2004. Defendants argue that the class period should begin no earlier than November 17, 2005, four years before the complaint in this case was filed. See Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178-79 (2000) (applying a four-year statute of limitations to a UCL claim); Cal. Civ. Proc. § 338 (a) (applying three-year statute of limitations for liabilities created by statute, including actions for wages). Plaintiffs rely on American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974), and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983), to argue that the filing of the class action complaint in United Steel tolled their claims in the instant class action.

In American Pipe, the Supreme Court held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely

9

1  motions to intervene after the court has found the suit
2  inappropriate for class action status." American Pipe, 414 U.S. at
3  553.  In Crown, the Court extended this holding to all asserted
4  members of the class, not just intervenors.  Crown, 462 U.S. at
5  350.  Thus, the commencement of a class action suspends the
6  applicable statute of limitations for all asserted members of the
7  class who would have been parties had the suit been permitted to
8  continue as a class action until such time as class certification
9  is denied.  See Crown, 462 U.S. at 353-54; American Pipe, 414 U.S.
10 at 554.  However, the Ninth Circuit has refused to extend American
11 Pipe and Crown to allow an earlier class action to toll the statute
12 of limitations for a subsequently filed class action when
13 plaintiffs are "attempting to relitigate an earlier denial of class
14 certification, or to correct a procedural deficiency in an earlier
15 would-be class."  Catholic Social Services, Inc. v. Reno, 232 F.3d
16 1139, 1149 (9th Cir. 2000); see also Robbin v. Flour Corp., 835
17 F.2d 213, 214 (9th Cir. 1987).  Here, Plaintiffs are not attempting
18 directly to relitigate the same issues addressed in the denial of
19 class certification in the 2008 case.  The USW court had no
20 occasion to address the specific causes of action and parties
21 presently before this Court; thus, the Court tolls under American
22 Pipe and Crown the statute of limitations for Plaintiffs' claims.
23      Plaintiffs argue in the alternative that equitable tolling
24 principles apply to their claims.  Equitable tolling "operates to
25 suspend or extend a statute of limitations in order to ensure that
26 a limitations period is not used to bar a claim unfairly."
27 Hatfield v. Halifax, 564 F.3d 1177, 1185 (9th Cir. 2009).  "Three

factors are taken into consideration when deciding whether to apply equitable tolling under California law: (1) timely notice to the defendant in the filing of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Id. (citing Collier v. City of Pasadena, 142 Cal. App. 3d 917 (1983).

The Court concludes that the equitable tolling principles apply to this case. The earlier case, USW, was filed in April, 2008 and provided Defendants with timely notice of Plaintiffs' claims in the present case because the claims in the cases largely overlap. Defendants suffer no prejudice in gathering evidence to defend against the present case because the present case is narrower than the USW case. Plaintiffs in the present case exhibited good faith and reasonable conduct by filing the complaint here less than three months after the district court denied class certification in USW.

Moreover, equitable tolling of the statute of limitations in this case is consistent with California's strong public policy in favor of class actions. In Hatfield, the Ninth Circuit applied equitable tolling after concluding that American Pipe tolling was not available to Plaintiffs. The court noted,

> In light of California's endorsement of class actions generally, we see no reason why, in an equitable tolling situation, California would require each individual California resident who is a member of the Hatfield class to file individually and burden the courts with numerous suits. Thus, every indication is that California would at least apply equitable tolling to claims made by its own residents.

Hatfield, 564 F.3d at 1189 (internal citation omitted).

11

California's strong public policy in favor of class actions would be undermined here if Plaintiffs' claims were circumscribed by the statute of limitations. In many ways, the present case is merely a continuation of the USW case because Plaintiffs have pursued their claims vigorously since the filing of that case in April 25, 2004. Therefore, the Court allows Plaintiffs to pursue the claims of putative class members back to April 25, 2004 and denies Defendants' motion to strike these allegations.

Defendants also move to strike Plaintiffs' proposed subclass seeking penalties due under Labor Code section 203 and their reliance on Labor Code sections 201, 202 and 203 as a basis for their unfair competition claim. Because the claims to which the motion to strike is directed are being dismissed, Defendants' request is moot, at least for the time being.

//
//
//
//
//
//
//
//
//
//
//
//
//

CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss Plaintiffs' second cause of action (Docket No. 6) and denies Defendants' motion to strike portions of Plaintiffs' complaint (Docket No. 7).  Plaintiffs' UCL claim based on violations of Labor Code sections 201-203 is also dismissed. Plaintiffs are given leave to amend the complaint to cure the deficiencies in their claims.  Any second amended complaint must be filed within two weeks from the date of this order.  If no second amended complaint is filed, Defendants must file an answer to the remaining claims within four weeks from the date of this order.

IT IS SO ORDERED.

Dated: 4/19/10

CLAUDIA WILKEN
United States District Judge

13