JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
LINDA S. FANG (CA Bar No. 240245)
(Email: lfang@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Tel: (323) 938-3000, Fax: (323) 937-9139

RICHARD P. ROUCO *(pro hac vice)*
(Email: rrouco@qwwdlaw.com)
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO**
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Tel: (205) 870-9989, Fax: (205) 803-4142

Attorneys for Plaintiffs David Gardner, Steve Mattern, Brian Cerre, and William Sullivan

ANGEL GOMEZ (CA Bar No. 74476)
(Email: agomez@ebglaw.com)
DEANNA BALLESTEROS (CA Bar No. 159079)
(Email: dballesteros@ebglaw.com)
**EPSTEIN BECKER & GREEN, P.C.**
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Tel: (310) 556-8861, Fax: (310) 553-2165

Attorneys for Defendants Shell Oil Company, Shell Oil Products Company LLC, and Equilon Enterprises LLC dba Shell Oil Products US

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

DAVID GARDNER, STEVE MATTERN, BRIAN CERRE, and WILLIAM SULLIVAN individually and on behalf of all similarly situated current and former employees,

Plaintiffs,

v.

SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, and EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, and DOES 1 through 20, inclusive,

Defendants.

Case No. C 09-05876 CW (DMR)

Honorable Donna M. Ryu for Discovery Matters

**ORDER REGARDING FURTHER RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS**

Pursuant to an agreement between Plaintiffs David Gardner, Steve Mattern, Brian Cerri, and William Sullivan, and Defendant Equilon Enterprises LLC dba Shell Oil Products US ("Equilon") regarding Plaintiffs' First and Second Requests for Production of Documents and Plaintiffs' Second Set of Interrogatories to Defendant Equilon, and good cause appearing, the Court hereby ORDERS the following:

1. On or before May 2, 2011, Equilon shall produce documents responsive to the following requests for production:

Request For Production No. 10: Equilon shall produce documents sufficient to determine the names and last-known addresses of all class members as defined in Plaintiffs' Reply Brief in Support of their Motion for Class Certification (Dkt. 71).

Request for Production No. 14: Equilon shall produce documents that graphically depict the layout of Plaintiffs' and class members' work areas, including a layout of the Martinez refinery. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 29: Equilon shall produce any and all documents signed by Plaintiffs, class members, or a USW representative that purports to waive a meal period. If such documents do not exist, Equilon shall affirmatively represent that such fact.

Request for Production No. 30: Equilon shall produce or identify any and all documents that it contends constitutes an "on duty" meal period agreement, as described in section 11 of the IWC Wage Orders. If such documents do not exist, Equilon shall affirmatively represent such fact.

2. On or before May 5, 2011, Equilon shall produce documents responsive to the following requests for production:

Request for Production No. 11: Equilon shall produce all (1) employee handbooks; (2) operating manuals or instructions for each unit; and (3) documents containing work rules or rules governing the conduct of employees that apply to Plaintiffs and class members. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 12: Equilon shall produce documents that describe the duties of all job classifications included in the class definition as listed in Plaintiffs' Reply Brief in Support of their

///

Motion for Class Certification (Dkt. 71). If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 13: Equilon shall produce documents sufficient to identify each unit at the Martinez refinery and the function of each unit. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 31: Equilon shall produce copies of all claims made since 2000 alleging a violation of California's meal period requirements and/or applicable IWC Wage Order. Equilon shall produce all papers, pleadings or position statements related to such claims. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 32: Equilon shall produce copies of all decisions, judicial opinions, court orders, administrative orders, proposed or final findings, proposed or final conclusions of law and/or consent decrees that concern claims under California's meal period requirements and/or applicable IWC Wage Order and that were asserted by any employee who worked a shift schedule at the Martinez refinery. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 63: Equilon shall produce any and all documents that support the claim made in Brent Olsen's declaration that class members have "hours" of "free time" during a 12-hour shift. If such documents do not exist, Equilon shall affirmatively represent such fact.

3. On or before May 12, 2011, Equilon shall produce documents responsive to the following requests for production:

Request for Production No. 15: Equilon shall produce weekly schedules for each operating unit for each week from April 25, 2004 to the present. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 16: Equilon shall produce Plaintiffs' and class members' payroll records for each pay period from April 25, 2004 to the present. The documents shall show for each Plaintiff and class member (1) the number of hours worked during each pay period; (2) the rate of pay; (3) the shifts worked; and (4) the job classification or position worked. If such documents do not exist, Equilon shall affirmatively represent such fact.

///

Request for Production No. 62: Equilon shall produce for each operating unit at the Martinez refinery and for each year in the class period the weekly schedules that show the crew a class member is assigned to, the position the class members is scheduled to work during a shift, the shifts the class members is scheduled to work during a week, and/or the qualifications of each crew member. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 64: To the extent not covered in any prior requests for production, Equilon shall produce documents showing all 12-hour shifts worked by Plaintiffs from April 25, 2004 to the present. If such documents do not exist, Equilon shall affirmatively represent such fact.

Request for Production No. 65: To the extent not covered in a prior request for production, Equilon shall produce documents showing all wages, penalties, or all other forms of compensation paid to Plaintiffs during the class period. If such documents do not exist, Equilon shall affirmatively represent such fact.

4. On or before May 2, 2011, Equilon shall provide further, substantive answers to the following interrogatories propounded in Plaintiffs' Second Set of Interrogatories:

Interrogatory No. 6: Equilon shall provide an explanation for why the request seeking an admission that Equilon had a policy during the class period requiring class members to remain on the premises of the refinery during their work shifts, unless given permission to leave the refinery, is not entirely accurate.

Interrogatory No. 7: Equilon shall provide a supplemental explanation for its response to Plaintiffs' request that Equilon admit that during the class period there was a policy prohibiting class members from leaving their work areas unattended. Equilon shall provide facts (i.e. name of supervisor, unit, crew, time period, etc.) showing that class members were allowed to leave their work area unattended. If there no such facts, Equilon shall state so in its response.

Interrogatory No. 8: Equilon shall provide an explanation for why Plaintiffs' request seeking an admission that Equilon did not have a practice of providing class members with relief to take an off duty meal break is not entirely accurate as phrased.

Interrogatory No. 9: Equilon shall provide a supplemental explanation for its response to Plaintiffs' request that Defendant admit that during the class period class members did not have

scheduled or designated meal periods. Equilon shall provide facts (i.e. name of supervisor, unit, crew, time period, shifts, etc.) showing that class members had scheduled and/or designated meal periods. If such facts do not exist, Equilon shall state so in its response.

5. On or before May 10, 2011, Equilon shall provide further, substantive answers to the following interrogatories propounded in Plaintiffs' Second Set of Interrogatories:

Interrogatory No. 13: Equilon shall provide the information requested in this interrogatory regarding all instances of discipline of class members for leaving the refinery during a work shift without permission or state that there are no facts responsive to the interrogatory.

Interrogatory No. 14: Equilon shall provide the information requested in this interrogatory regarding all instances of discipline of class members for failing to respond to one or more radio calls or state that there are no facts responsive to the interrogatory.

Interrogatory No. 15: Equilon shall provide the information requested in this interrogatory regarding all instances of discipline of class members for sleeping or napping during a work shift or state that there are no facts responsive to the interrogatory.

Interrogatory No. 16: Equilon shall provide the information requested in this interrogatory regarding all instances of discipline of class members for reading unauthorized materials during a work shift or state that there are no facts responsive to the interrogatory.

Interrogatory No. 17: Equilon shall provide the information requested in this interrogatory regarding all instances of discipline of class members for watching movies, DVDs or television during a work shift or state that there are no facts responsive to the interrogatory.

Interrogatory No. 18: Equilon shall provide the information requested in this interrogatory regarding all instances of discipline of class members for accessing the Internet for personal reasons for more than fifteen (15) minutes during a work shift or state that there are no facts responsive to the interrogatory.

///

///

///

///

6. In the event there is further dispute over the adequacy and/or timeliness of Equilon's responses to the discovery identified in this Order, Plaintiffs shall have leave to bring such discovery disputes to the Court's attention within 10 days of each of the above-listed deadlines, pursuant to Court's procedure for resolution of discovery disputes.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Donna M. Ryu
NORTHERN DISTRICT OF CALIFORNIA

Dated: 4/18/2011

Hon. Donna M. Ryu
U.S. District Court, Northern District of California

**CERTIFICATE OF SERVICE**

I, Linda S. Fang, certify that on April 15, 2011, the foregoing document entitled:

**[PROPOSED] ORDER REGARDING FURTHER RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS**

was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case, in particular on the following:

Angel Gomez
agomez@ebglaw.com

Deanna Ballesteros
dballesteros@ebglaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 15, 2011, at Los Angeles, California.

/s/ Linda S. Fang
Linda S. Fang