JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
LINDA S. FANG (CA Bar No. 240245)
(Email: lfang@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Tel: (323) 938-3000, Fax: (323) 937-9139

RICHARD P. ROUCO *(pro hac vice)*
(Email: rrouco@qcwdr.com)
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO**
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Tel: (205) 870-9989, Fax: (205) 803-4142

Attorneys for Plaintiffs David Gardner, Steve Mattern, Brian Cerri, and William Sullivan

ANGEL GOMEZ (CA Bar No. 74476)
(Email: agomez@ebglaw.com)
DEANNA BALLESTEROS (CA Bar No. 159079)
(Email: dballesteros@ebglaw.com)
**EPSTEIN BECKER & GREEN, P.C.**
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Tel: (310) 556-8861, Fax: (310) 553-2165

Attorneys for Defendants Shell Oil Company, Shell Oil Products Company LLC, and Equilon Enterprises LLC dba Shell Oil Products US

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

DAVID GARDNER, STEVE MATTERN, BRIAN CERRE, and WILLIAM SULLIVAN, individually and on behalf of all similarly situated current and former employees,

Plaintiffs,

v.

SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, and EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US and DOES 1 through 20, inclusive,

Defendants.

Case No. C 09-05876 CW (DMR)

Assigned to the Honorable Claudia Wilken

**STIPULATION AND ~~PROPOSED~~ ORDER FOR PLAINTIFFS TO FILE THIRD AMENDED COMPLAINT FOR SETTLEMENT PURPOSES**

Pursuant to Local Rule 7-12 and Federal Rule of Civil Procedure 15, Plaintiffs David Gardner, Steve Mattern, Brian Cerri, and William Sullivan, and Defendant Equilon Enterprises LLC dba Shell Oil Products US ("SOPUS") (collectively, "the Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on November 17, 2009, Plaintiffs brought this action on behalf of current and former shift employees who have worked at the Martinez refinery owned by SOPUS;

WHEREAS, the Parties have reached a settlement in principle, which, in addition to current and former shift employees at the Martinez refinery, includes current and former employees of four additional work sites owned (or formerly owned) by SOPUS or owned (or operated) by two affiliated entities;

WHEREAS, the Parties would like to amend the operative complaint in this action to expand the definition of the putative class, as set forth above, and include the following parties and work sites:

1. Two additional defendants – CRI U.S. LP and Shell Pipeline Company LP;
2. Three additional plaintiffs – Mark Landre, Lawrence Long, and Cheri Davidson; and
3. Four additional work sites – the Los Angeles refinery, Carson Terminal facility, and two Criterion Catalyst plants.

WHEREAS, the Parties agree to dismiss Shell Oil Company and Shell Oil Products Company LLC without prejudice and the dismissed and dismissing parties will bear their own attorneys' fees and costs with regard to their claims against each other only; and

WHEREAS, the Parties agree that it is in the interest of judicial economy and the preservation of the Parties' resources to add these parties and putative class members to this action for the purposes of settlement.

///

///

///

///

///

///

///

NOW, THEREFORE, the Parties agree and stipulate to request that the Court sign and enter the attached Order permitting and directing the following actions:

1. Plaintiffs shall be permitted to file a Third Amended Complaint in substantially the same form as attached hereto as Exhibit 1, within one week of an Order approving this stipulation;

2. Plaintiffs shall dismiss Shell Oil Company and Shell Oil Products Company LLC from the action without prejudice and the dismissed and dismissing parties will bear their own attorneys' fees and costs with regard to their claims against each other only; and

3. Defendants shall respond to the third amended complaint within two weeks of the filing of the third amended complaint.

IT IS SO STIPULATED.

Dated: December __, 2011

**GILBERT & SACKMAN, A Law Corporation**

By: *_/s/ Linda S. Fang_*
Jay Smith
Linda S. Fang

Attorneys for Plaintiffs David Gardner, Steve Mattern, Brian Cerri, and William Sullivan

Dated: December __, 2011

**EPSTEIN BECKER & GREEN, P.C.**

By: *_/s/ Angel Gomez_*
Angel Gomez

Attorneys for Defendants Shell Oil Company, Shell Oil Products Company LLC, and Equilon Enterprises LLC dba Shell Oil Products US

**[~~PROPOSED~~] ORDER**

PURSUANT TO STIPULATION ON PAGES 1-2, ABOVE, IT IS SO ORDERED.

Dated: ________ 12/22/2011 ____________

Hon. Claudia Wilken
United States District Judge

**CERTIFICATE OF SERVICE**

I, Linda S. Fang, certify that on December 21, 2011, the foregoing document entitled:

**STIPULATION AND PROPOSED ORDER FOR PLAINTIFFS TO FILE THIRD AMENDED COMPLAINT FOR SETTLEMENT PURPOSES**

was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case, in particular on the following:

Angel Gomez
agomez@ebglaw.com

Deanna Ballesteros
dballesteros@ebglaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 21, 2011, at Los Angeles, California.

/s/ Linda S. Fang
Linda S. Fang

# Exhibit 1

JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
LINDA S. FANG (CA Bar No. 240245)
(Email: lfang@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Tel: (323) 938-3000
Fax: (323) 937-9139

RICHARD P. ROUCO *(pro hac vice)*
(Email: rrouco@qcwdr.com)
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO**
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Tel: (205) 870-9989
Fax: (205) 803-4142

Attorneys for Plaintiffs David Gardner, Steve Mattern, Brian Cerri, William Sullivan, Mark Landre, Lawrence Long, and Cheri Davidson

Deleted: e
Deleted: and

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

DAVID GARDNER, STEVE MATTERN, BRIAN CERRI, WILLIAM SULLIVAN, MARK LANDRE, LAWRENCE LONG, and CHERI DAVIDSON individually and on behalf of all similarly situated current and former employees,

Plaintiffs,

v.

EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, SHELL PIPELINE COMPANY LP, and CRI U.S. LP,

Defendants.

Case No. C 09-05876 CW

**CLASS ACTION**

**THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, ATTORNEYS' FEES, AND COSTS OF SUIT**

1. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512);
2. Failure to Pay All Wages Due at the Time of Termination (Lab. Code §§ 201, 202, 203);
3. Violation of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*)

Deleted: E
Deleted: and
Deleted: SECOND
Deleted: SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, and
Deleted: and DOES 1 through 10, inclusive,

**INTRODUCTION**

1. Plaintiffs David Gardner, Steve Mattern, Brian Cerri, William Sullivan, Mark Landre, Lawrence Long, and Cheri Davidson ("Named Plaintiffs") bring this action against Defendants Equilon Enterprises LLC dba Shell Oil Products US ("SOPUS"), Shell Pipeline Company LP ("Shell Pipeline"), and CRI U.S. LP ("Criterion"), alleging unfair business practices and violations of the California Labor

Deleted: Shell Oil Company, Shell Oil Products Company LLC, and
Deleted: collectively, "Shell", "Defendants", or "Shell Defendants" and other as of yet unnamed Defendants

Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated current and former employees who have been employed by one or more of the Defendants at the oil refinery and distribution facilities located in or around Martinez, California ("Martinez refinery"), oil refinery and distribution facilities located in or around Wilmington, California ("Los Angeles refinery"), shipping and storage terminal facilities located in or around Carson, California ("Carson Terminal facility"), and two catalyst production plants located in or around Martinez and Pittsburg, California (collectively, "Criterion Catalyst plants").

2. Named Plaintiffs seek class-wide relief under California law for Defendants' breach of their legal obligations to provide meal periods and to pay all wages due at the time of termination, pursuant to California Labor Code §§ 201, 202, 203, 204, 226.3, 226.7, and 512, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to employees at the Martinez refinery, Los Angeles refinery, Carson Terminal facility, and Criterion Catalyst plants.

3. Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendants' unlawful, unfair, and fraudulent business practices which have deprived their employees of their rights under California labor laws and regulations, in order to reduce its payroll costs and increase profits, in violation of applicable laws.

**THE PARTIES**

4. Named Plaintiff David Gardner is, and at all relevant times was, a competent adult residing in the State of California.

5. Named Plaintiff Steve Mattern is, and at all relevant times was, a competent adult residing in the State of California.

6. Named Plaintiff Brian Cerri is, and at all relevant times was, a competent adult residing in the State of California.

7. Named Plaintiff William Sullivan is, and at all relevant times was, a competent adult residing in the State of California.

8. Named Plaintiff Mark Landre is, and at all relevant times was, a competent adult residing in the State of California.

Deleted: Martinez, California

Deleted: facility

Deleted: facility

Deleted: e

Deleted: Contra Costa County,

Deleted: Contra Costa County, California

9. Named Plaintiff Lawrence Long is, and at all relevant times was, a competent adult residing in the State of California.

10. Named Plaintiff Cheri Davidson is, and at all relevant times was, a competent adult residing in the State of California.

11. Named Plaintiffs are and have been employed by one or more of the Defendants within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently are or were employed by Defendants in California.

12. Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former shift employees of Defendants Equilon Enterprises LLC dba Shell Oil Products US, Shell Pipeline Company LP, or CRI U.S. LP who worked at least one 8- or 12-hour shift since April 25, 2004, at the Martinez refinery or the Criterion Catalyst plants in Martinez or Pittsburg, California, or who worked at least one 8- or 12-hour shift between April 25, 2004 and May 10, 2007 at the Los Angeles refinery, or who worked at least one 12-hour shift since January 1, 2007, at the Carson Terminal facility.

13. Defendant SOPUS is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant SOPUS is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

14. Defendant Shell Pipeline is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Shell Pipeline is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

15. Defendant Criterion is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Criterion is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.

16. Defendant SOPUS has owned and/or operated the Martinez refinery, which includes an oil refinery and distribution facilities located in or around Martinez, California, from at least April 25, 2004 to the present. Defendant SOPUS owned and/or operated the Los Angeles refinery, which includes

**Deleted:** as shift employees at
**Deleted:** ' facility located
**Deleted:** Martinez,
**Deleted:** Named Plaintiffs currently reside in the State of California.
**Deleted:** Shell Oil Company, Shell Oil Products Company LLC, and/or
**Deleted:** 8-hour, 10-hour,
**Deleted:** , or longer
**Deleted:** ¶ <#>Defendant Shell Oil Company is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Shell Oil Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.¶ <#>Defendant Shell Oil Products Company LLC is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Shell Oil Products LLC is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.¶
**Deleted:** Equilon Enterprises LLC
**Deleted:** Equilon Enterprises LLC
**Deleted:** The Shell
**Deleted:** s
**Deleted:** collectively
**Deleted:** facility
**Deleted:** , which are all

an oil refinery and distribution facilities located in or around Wilmington, California, from at least April 25, 2004 until May 10, 2007. Defendant Shell Pipeline has owned and/or operated the Carson Terminal facility located in or around Carson, California, from at least January 1, 2007 to the present. Defendant Criterion has owned and/or operated the Criterion Catalyst plants, located in Martinez and Pittsburg, California, from at least April 25, 2004 to the present.

17. Named Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Named Plaintiffs and putative class members, and that Defendants and each of them were the joint employers of Named Plaintiffs and putative class members and/or alter egos of each other.

18. Venue is proper based on the location of work performed by Defendants in Contra Costa County, the location of the Martinez refinery and the Criterion Catalyst plants in Contra Costa County, the performance of various contracts pertaining to working conditions at the Martinez refinery, Criterion Catalyst plants, and Carson Terminal facility by Defendants in Contra Costa County, as well as the location of the commission of the acts alleged herein in Contra Costa County. The relief requested is within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

19. A class action complaint was filed against Defendant SOPUS and other defendants in Los Angeles County Superior Court on April 25, 2008, alleging the same unfair business practices and violations of the California Labor Code on behalf of a larger class, which included the narrower class proposed in this complaint. Class certification was denied in that case on August 21, 2009. Because the filing of the class action complaint equitably tolled the statute of limitations for members of the putative class in that case, the statutory period for this action runs from April 25, 2004, four years prior to the filing of the previous class action complaint in Los Angeles County Superior Court, to the present.

20. Between April 25, 2004 and the present, Defendants SOPUS and Criterion have employed Named Plaintiffs and putative class members as "shift employees" (as opposed to "day employees") at the Martinez facility, Carson Terminal facility, and Criterion Catalyst plants. Defendant

///

**Deleted:** Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 thought 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.¶

**Deleted:** Defendants'

**Deleted:** facility

**Deleted:** members

**Deleted:** in

SOPUS also employed putative class members as "shift employees" (as opposed to "day employees") at the Los Angeles refinery between April 25, 2004 and May 10, 2007.

21. Throughout the relevant statutory period, Defendants uniformly required Named Plaintiffs and putative class members to remain on duty throughout their shifts. Plaintiffs and putative class members are not, among other things, allowed to leave the work site during their shifts, and they are also required to remain in their work areas unless given specific permission to leave. Additionally, Named Plaintiffs and putative class members are required to perform work duties, monitor the operation of their units, and remain in communication with supervisors and other employees throughout their shifts.

22. As a result, Defendants routinely fail to provide Named Plaintiffs and putative class members with uninterrupted, off-duty 30-minute meal periods for every work period in excess of five hours, as required by law.

23. Defendants do not have a policy or system for providing relief to Named Plaintiffs or putative class members so as to allow them to take uninterrupted 30-minute meal periods during which they are relieved of all duties.

24. Defendants do not pay Named Plaintiffs or putative class members an extra hour of wages for each work day during which they are not provided a meal period.

25. Defendants routinely fail to maintain complete and accurate payroll records for Named Plaintiffs and putative class members showing, *inter alia*, the gross and net wages earned or whether they are provided with or actually take meal periods.

26. Defendants also routinely fail to timely pay all accrued wages and other compensation due to Plaintiff Sullivan and putative class members who have been terminated, resigned, or otherwise separated from employment with Defendants.

**CLASS ALLEGATIONS**

27. Named Plaintiffs seek, on their own behalf and on behalf of putative class members, unpaid wages owed as a result of Defendants' failure to provide meal periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute. Named Plaintiffs also seek

**Deleted:** refinery

**Deleted:** units

**Deleted:** constant contact

**Deleted:** working in their unit

**Deleted:** also

**Deleted:** employees

**Deleted:** immediately

**Deleted:** and routinely fail to pay all accrued wages and other compensation due within 72 hours to putative class members who have resigned from their employment with Defendants

injunctive relief in the form of an order prohibiting Defendants from requiring their employees to work shifts in excess of five hours without providing an uninterrupted 30-minute meal period. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through their unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from their violations of law and/or acts of unfair competition. Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be considered damages. This action is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23.

28. The proposed class which Named Plaintiffs seek to represent is composed of all current and former shift employees of Defendants Equilon Enterprises LLC dba Shell Oil Products US, Shell Pipeline Company LP, or CRI U.S. LP who worked at least one 8- or 12-hour shift between April 25, 2004 and September 30, 2011, at the Martinez refinery or the Criterion Catalyst plants in Martinez or Pittsburg, California, or who worked at least one 8- or 12-hour shift between April 25, 2004 and May 10, 2007 at the Los Angeles refinery, or who worked at least one 12-hour shift between January 1, 2007 and September 30, 2011 at the Carson Terminal facility. Named Plaintiffs also seek to represent the following subclass:

> All former shift employees of Defendants Equilon Enterprises LLC dba Shell Oil Products US, Shell Pipeline Company LP, or CRI U.S. LP who worked at least one 8- or 12-hour shift since April 25, 2004, at the Martinez refinery or the Criterion Catalyst plants in Martinez or Pittsburg, California, or who worked at least one 8- or 12-hour shift between April 25, 2004 and May 10, 2007 at the Los Angeles refinery, or who worked at least one 12-hour shift since January 1, 2007, at the Carson Terminal facility and who, at any time between April 25, 2005 and the present, were terminated, resigned, or otherwise separated from employment with one or more of the Defendants and were not timely paid all wages due and owing, pursuant to California Labor Code section 203. This subclass does not include any employee at the Los Angeles refinery who continued employment at the refinery after its acquisition by Tesoro in May 2007.

29. The proposed class is estimated to include between 400 and 600 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

///

///

**Deleted:** its

**Deleted:** its

**Deleted:** Code of Civil Procedure section 382

**Deleted:** Shell Oil Company, Shell Oil Products Company LLC, and/or

**Deleted:** who worked 8-hour, 10-hour, 12-hour, or longer shifts at the oil refinery located in Martinez, California between April 25, 2004 and the time class certification is granted.¶
Plaintiffs

**Deleted:** es of the above-described class

**Deleted:** a. All current and former shift employees of Defendants Shell Oil Company, Shell Oil Products Company LLC, and/or Equilon Enterprises LLC dba Shell Oil Products US who were not provided uninterrupted 30-minute meal periods in
accordance with California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 1-2001 section 11, between April 25, 2004 and the present.¶
¶
b.

**Deleted:** Shell Oil Company, Shell Oil Products Company LLC, and/or

**Deleted:** or Criterion Catalysts & Technologies L.P.

**Deleted:** 5

**Deleted:** 4

**Deleted:** discharged or resigned from employment with

**Deleted:** Shell

**Deleted:** the

**Deleted:** 2

**Deleted:** 5

30. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendants' failure to provide meal periods as required by law.

31. Common questions of fact and law involved in this action include the following:

a. Whether Defendants failed to provide Named Plaintiffs and putative class members with meal periods in accordance with applicable California law because they failed to relieve shift employees of all work duties;

b. Whether Defendants failed to keep complete and accurate records of whether meal periods were provided to Named Plaintiffs and putative class members in accordance with applicable California law;

c. Whether Defendants failed to pay all wages due Named Plaintiffs and putative class members at the time of termination in accordance with applicable California law;

d. Whether Defendants maintain or have maintained common policies that failed to properly compensate Named Plaintiffs and putative class members in accordance with applicable California law;

e. Whether Defendants maintain or have maintained policies that adequately provide for meal periods in accordance with the requirements of applicable California law;

f. What compensatory damages, injunctive relief, and other equitable relief Named Plaintiffs and putative class members are entitled to receive from Defendants; and

g. Whether Defendants' policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

32. The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: to shift employees

Deleted: Plaintiffs

Deleted: Plaintiffs

and putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

33. Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

34. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties. This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

35. Common issues predominate with regard to the claims of Named Plaintiffs and putative class members in that all of their claims arise out of Defendants' failure to provide meal periods as required by California law. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

36. Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

///

///

///

///

**Deleted:** Plaintiffs

**Deleted:** ' claims

**FIRST CAUSE OF ACTION**

FAILURE TO PROVIDE MEAL PERIODS

(Lab. Code §§ 226.7, 512, Wage Order 1-2001)

(By All Named Plaintiffs Against All Defendants)

Deleted: Plaintiffs

37. Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 36, above, as though fully set forth herein.

Deleted: Plaintiffs

Deleted: 5

38. Labor Code section 512 and Wage Order 1-2001 require employers to provide employees with a 30-minute meal period for every work period in excess of five hours. If an employee is not relieved of all duty during the required meal periods, the employer must pay the employee for work performed during those meal periods, plus an additional penalty of one hour's wage for each day in which the required meal periods were not provided. Lab. Code § 226.7; Wage Order 1-2001 § 11(C).

39. Named Plaintiffs and putative class members worked 12-hour shifts while employed by Defendants and, therefore, they were entitled to at least two 30-minute meal periods per shift, during which they must have been relieved of all duty. Wage Order 1-2001 §§ 2(G), 11(C). During the statutory period, Defendants have had a policy and/or practice of refusing and/or failing to provide their employees with required meal periods.

Deleted: Plaintiffs

Deleted: 8-hour, 10-hour,

Deleted: , or longer

Deleted: one or

40. Named Plaintiffs and putative class members have not been provided all meal periods as required by applicable law and seek to recover their unpaid wages for Defendants' violations of the meal period requirements of Labor Code section 226.7 and Wage Order 1-2001. As a result of Defendants' unlawful practices, Named Plaintiffs and putative class members have lost money and property as alleged above, in that they were required to work shifts of 12 hours without receiving their required meal periods. Further, Named Plaintiffs and putative class members were not compensated for having been denied such meal periods. The extra hour of pay mandated by Labor Code section 226.7 and Wage Order 1-2001 for missed meal periods is in the nature of wages and is for the purpose of compensating the employee for being required to work through his or her meal period. The additional wages to which Named Plaintiffs and putative class members are entitled pursuant to this provision will be discernable from Defendants' records and will be proven at the time of trial.

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: at least 8 hours, but usually at least

Deleted: Plaintiffs

Deleted: Plaintiffs

///

41. Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

**SECOND CAUSE OF ACTION**

FAILURE TO PAY ALL WAGES DUE AT THE TIME OF DISCHARGE OR RESIGNATION

(Lab. Code §§ 201-203)

(By Named Plaintiff William Sullivan and All Similarly Situated Former Employees Against All Defendants)

42. Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 41, above, as though fully set forth herein.

43. Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages when due, the employer must continue to pay the employees' daily wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days' wages.

44. Putative class members whose employment with Defendants has ceased are entitled to all of their unpaid wages, including their premium wages for missed meal periods. To date, they have not received such compensation and more than 30 days have passed since putative class members left Defendants' employ. As a consequence of Defendants' willful failure to timely pay all wages due to such putative class members, they are entitled to 30 days' wages pursuant to Labor Code section 203.

45. Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

**THIRD CAUSE OF ACTION**

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By All Named Plaintiffs Against All Defendants)

46. Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 45, above, as though fully set forth herein.

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: 0

Deleted: employees

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: 4

47. The California Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute. The UCL also provides that a court may enjoin acts of unfair competition, issue declaratory and other equitable relief, and order restitution of money or property acquired by means of such unfair competition.

48. Beginning on an exact date unknown to Named Plaintiffs, but since at least April 25, 2004 to the present, Defendants have committed acts of unfair competition proscribed by Business and Professions Code section 17200 *et seq.*, including the acts and practices alleged herein. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

a. Labor Code § 204 (payment of wages);

b. Labor Code §§ 226.7, 512 (meal periods); and

c. California Industrial Welfare Commission Order No. 1-2001 (meal periods).

49. Defendants' violations of these laws, as well as violations of Labor Code sections 201-203, for which only injunctive relief – and not restitution – may be sought, serve as unlawful predicate acts that resulted in economic harm and injury in fact to Named Plaintiffs and putative class members for purposes of the UCL and the remedies provided therein. As a direct and proximate result of the aforementioned unfair business practices, Defendants have received and continue to hold ill-gotten gains belonging to Named Plaintiffs and putative class members and Defendants have profited in that amount from their unlawful practices.

50. Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Named Plaintiffs and putative class members are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies, excluding penalties provided under the Labor Code, unlawfully withheld from them from April 25, 2004 to the present.

///

Deleted: Plaintiffs

Deleted: between

Deleted: and

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Named Plaintiffs will, upon leave of the Court, amend this complaint to state such amounts when they are ascertained.

51. Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees of Defendants. Named Plaintiffs seek and are entitled to unpaid wages, injunctive relief, and any other relief to which they are entitled under the UCL.

52. Defendants' violations of the UCL are ongoing and will continue until and unless this Court enters an injunction barring such violations. Named Plaintiffs therefore seek damages and injunctive relief pursuant to Business and Professions Code section 17203.

53. Named Plaintiffs are entitled to an award of attorneys' fees and costs of suit incurred in bringing this action pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

**PRAYER FOR RELIEF**

Named Plaintiffs pray for relief as follows:

1. For an order certifying this action as a class action;

2. For an award of all unpaid wages due to Named Plaintiffs and putative class members during the statutory period as defined by the Court at the time of certification;

3. For an award of one hour of pay at each employee's regular rate of pay for each work day during which they were not provided with an uninterrupted, off-duty 30-minute meal period for every work period in excess of five hours during the statutory period as defined by the Court at the time of certification;

4. For an award of waiting-time penalties to Defendants' former employees pursuant to Labor Code section 203;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Code of Civil Procedure section 1021.5, and other applicable legal authorities;

7. For declaratory and injunctive relief against Defendants' unlawful business practices;

///

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: ///

Deleted: an injunction

8. For an order to pay restitution to Named Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to Business and Professions Code sections 17200-05; and

9. For such other and further relief as the Court may deem just and proper.

Dated: __________________, 2011

**Gilbert & Sackman, A Law Corporation**

By: ______________________________
Linda S. Fang
Attorneys for Named Plaintiffs David Gardner, Steve Mattern, Brian Cerri, William Sullivan, Mark Landre, Lawrence Long and Cheri Davidson

Deleted: Plaintiffs

Deleted: Plaintiffs

Deleted: e

Deleted: and