JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
LINDA S. FANG (CA Bar No. 240245)
(Email: lfang@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Tel: (323) 938-3000
Fax: (323) 937-9139

RICHARD P. ROUCO *(pro hac vice)*
(Email: rrouco@qcwdr.com)
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO**
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Tel: (205) 870-9989
Fax: (205) 803-4142

Attorneys for Plaintiffs David Gardner, Steve Mattern, Brian Cerri, William Sullivan, Mark Landre, Lawrence Long, and Cheri Davidson

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| DAVID GARDNER, STEVE MATTERN, BRIAN CERRI, WILLIAM SULLIVAN, MARK LANDRE, LAWRENCE LONG, and CHERI DAVIDSON individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, CRI U.S. LP, and SHELL PIPELINE COMPANY LP<br><br>Defendants. | Case No. C 09-05876 CW (DMR)<br><br>Assigned to the Honorable Claudia Wilken<br><br>**ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND SETTLEMENT NOTICE, PROCEDURE, AND ADMINISTRATOR** |

Upon consideration of Plaintiffs' Unopposed Motion for Certification of Settlement Class, Preliminary Approval of Class Settlement, and Approval of Settlement Notice, Procedure, and Administrator (the "Motion") and the Supplement to Plaintiffs' Unopposed Motion for Certification of Settlement Class, Preliminary Approval of Class Settlement, and Approval of Settlement Notice, Procedure and Administrator ("Supplemental Motion"), the Court finds that (1) the proposed Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes, and the persons set forth below should be appointed Class Representatives and Class Counsel; (2) the proposed settlement is the result of arms'-length negotiations between the Parties, is not a product of collusion, bears a probable, reasonable relationship to the claims alleged by Plaintiffs, is within the range of possible judicial approval, and is hereby preliminarily approved; (3) the proposed revised Settlement Notices substantially in the form attached as Exhibit 1 to the Supplemental Motion and the proposed manner of notice set forth in Plaintiffs' Motion and Supplemental Motion will provide the best notice practicable to the Settlement Class under the circumstances and satisfy the requirements of due process; and (4) a hearing pursuant to Rule 23(e), to consider whether the proposed settlement is fair, reasonable, and adequate, and whether it should be approved pursuant to Rule 23, shall be scheduled for September 6, 2012.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this district based on the location of work performed by Defendants Equilon Enterprises LLC dba Shell Oil Products US ("SOPUS"), Shell Pipeline Company LP ("Shell Pipeline"), and CRI U.S. LP ("Criterion") (collectively, "Defendants") in Contra Costa County, the location of the Martinez Refinery and the Criterion Catalyst Plants in Contra Costa County, the performance of various contracts pertaining to working conditions at the Martinez Refinery, the Criterion Catalyst Plants, and the Carson Terminal Facility by Defendants in Contra Costa County, as well as the location of the commission of the acts alleged herein in Contra Costa County.

///

///

Case No. C 09-05876 CW (DMR)
CERTIFICATE OF SERVICE

3. The Court finds, for settlement purposes only, that certification of the proposed Settlement Class is appropriate under Rule 23. Therefore, the Court certifies the following Settlement Class:

> All current and former shift employees of Defendants Equilon Enterprises LLC dba Shell Oil Products US, Shell Pipeline Company LP, or CRI U.S. LP who worked at least one continuous 8- or 12-hour shift between April 25, 2004 and September 30, 2011 at the Martinez Refinery, or who worked at least one continuous 12-hour shift between April 25, 2004 and September 30, 2011 at the Criterion Catalyst Plants in Martinez or Pittsburg, California, or who worked at least one continuous 8- or 12-hour shift between April 25, 2004 and May 10, 2007 at the Los Angeles Refinery, or who worked at least one continuous, rotating 12-hour shift between January 1, 2007 and September 30, 2011, at the Carson Terminal Facility.

4. The Court also certifies the following Settlement Subclass with respect to Plaintiffs' waiting-time penalty claims:

> All former shift employees of Defendants Equilon Enterprises LLC dba Shell Oil Products US, Shell Pipeline Company LP, or CRI U.S. LP who worked at least one continuous 8- or 12-hour shift between April 25, 2004 and September 30, 2011 at the Martinez Refinery, or who worked at least one continuous 12-hour shift between April 25, 2004 and September 30, 2011 at the Criterion Catalyst Plants in Martinez or Pittsburg, California, or who worked at least one continuous 8- or 12-hour shift between April 25, 2004 and May 10, 2007 at the Los Angeles Refinery, or who worked at least one continuous 12-hour shift between January 1, 2007 and September 30, 2011, at the Carson Terminal Facility, and who, at any time between April 25, 2005 and September 30, 2011, were terminated, resigned, or otherwise separated from employment with Defendants and were not timely paid all wages due and owing, pursuant to California Labor Code sections 203, 226.7, and the applicable Industrial Welfare Commission Wage Orders. This does not include any employees at the Los Angeles Refinery who continued employment at the refinery after its acquisition by Tesoro on May 11, 2007.

5. The Court finds, for settlement purposes only, that the Settlement Class and Subclass described above satisfy the following factors of Federal Rule of Civil Procedure 23:

a. Numerosity: The Court previously determined that the meal period, waiting-time penalty, and UCL claims of 12-hour shift employees at the Martinez Refinery satisfy the requirements of Rule 23(a)(1). The Settlement Class and Subclass expand the class and subclass already certified by the Court. Therefore, the numerosity requirement of Rule 23(a)(1) is satisfied.

b. Commonality: There are issues of law and fact common to members of the Settlement Class, including but not limited to: (i) whether Defendants' policies and practices deprived shift employees of off-duty 30-minute meal periods during their continuous work shifts, (ii) whether Defendants maintain or have maintained common policies that fail to properly compensate members of the Settlement Class in accordance with applicable law; and (iii) whether Defendants timely paid all

wages due to members of the Settlement Subclass at the time of separation from employment. Therefore, the commonality requirement of Rule 23(a)(2) is satisfied.

   c. Typicality: Plaintiffs' Third Amended Complaint adds three new class representatives – Mark Landre, Lawrence Long, and Cheri Davidson, each of whom were 12-hour shift workers at the Los Angeles Refinery when it was owned by SOPUS – to the four previously certified representatives of the class in this case. As stated below, the Court appoints these individuals as additional class representatives for the Settlement Class. The Court finds that the claims of these seven class representatives ("Settlement Class Representatives") are typical of those of the Settlement Class. Therefore, the typicality requirement of Rule 23(a)(3) is satisfied.

   d. Adequacy: The Court previously determined that the four original class representatives and their counsel are adequate representatives of the class in this case. The addition of three new class representatives will only serve to ensure that Settlement Class members in Southern California are equally represented in the settlement. Therefore, the adequacy requirement of Rule 23(a)(4) is satisfied.

   e. Predominance and Superiority: The Court finds that common legal and factual questions predominate over any questions affecting only individual members in this case and that a classwide settlement is superior to other available methods for a fair resolution of the controversy. Therefore, the predominance and superiority requirements of Rule 23(b)(3) are satisfied.

  6. The Court has already appointed David Gardner, Steve Mattern, Brian Cerri, and William Sullivan as representatives of the class in this case. The Court also appoints Mark Landre, Lawrence Long, and Cheri Davidson as additional Settlement Class Representatives.

  7. The Court appoints Jay Smith and Linda S. Fang of Gilbert & Sackman, A Law Corporation and Richard Rouco of Quinn, Connor, Weaver, Davies & Rouco as joint counsel for the Settlement Class ("Class Counsel").

  8. The Court preliminarily approves the proposed class settlement, as set out in the Parties' Joint Stipulation of Class Action Settlement and Settlement Agreement and Release ("Master Settlement Agreement") and in Plaintiffs' Motion, as being the result of arms'-length negotiations between

///

Case No. C 09-05876 CW (DMR)
CERTIFICATE OF SERVICE

the Parties, not a product of collusion, bearing a probable, reasonable relationship to the claims alleged by Plaintiffs, and within the range of possible judicial approval.

9.  The Court approves the form and content of the proposed revised Settlement Notices, substantially in the form attached as Exhibit 1 to Plaintiffs' Supplemental Motion. The Court finds that the proposed revised Settlement Notices and manner of notice, as set out in Plaintiffs' Motion and Supplemental Motion, constitute the best practicable notice under the circumstances, and satisfies all applicable requirements of law, including but not limited to Rule 23 and the due process rights of Settlement Class Members.

10. The Court appoints Simpluris, Inc. ("Settlement Administrator") to administer the proposed class settlement in this class and directs Simpluris to disseminate the Settlement Notices, and the Parties to act, according to the following schedule:

| | |
|---|---|
| Last day for Defendants to provide, to Settlement Administrator, the Settlement Class List and a summary breakdown of the settlement payments to be made to each Settlement Class Member, including each individual's (1) name, (2) last-known address, (3) social security number or employee identification number, (4) estimated gross settlement payment amount, (5) the number of shifts worked by each Settlement Class Member <u>in each calendar year</u> during the relevant statutory period | 14 calendar days after issuance of the preliminary approval Order |
| Last day for Settlement Administrator to mail Settlement Notice to Settlement Class Members | 14 calendar days after receipt of Settlement Class List from Defendants |
| Last day for Class Counsel to submit motion for attorney's fees | August 9, 2012 |
| Last day for individuals to submit dispute forms requesting review of their estimated gross settlement payment amount, together with any supporting written documentation | August 8, 2012 |
| Last day for Settlement Administrator to make final determinations regarding disputes, with the input and assistance of Class Counsel and Defense Counsel | August 18, 2012 or 10 calendar days after receipt of each dispute form |
| Last day for individuals to submit an objection to the settlement or to Class Counsel's request for attorneys' fees | August 23, 2012 |

Case No. C 09-05876 CW (DMR)
CERTIFICATE OF SERVICE

| | |
|---|---|
| Last day for individuals to exclude themselves from the Settlement Class | August 23, 2012 |
| Last day for Plaintiffs to file motion for final approval of settlement | August 28, 2012 |
| Last day for Defendants to file proof of service of Class Action Fairness Act notification | August 28, 2012 |
| Fairness Hearing, to be held in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California | September 6, 2012 at 2:00 p.m. |
| Last day for Defendants to transfer necessary funds to Settlement Administrator, who will send individual checks to Settlement Class Members | 10 calendar days after the Effective Date[1] of the Master Settlement Agreement |
| Last day for Defendants to wire the attorneys' fees, in the amount approved by the Court, to Gilbert & Sackman, A Law Corporation | 10 calendar days after the Effective Date of the Master Settlement Agreement |
| Last day for Settlement Administrator to issue and mail individual settlement checks to Settlement Class Members | 10 calendar days after receipt of funds from Defendants |

11. Class Counsel shall maintain a website at www.shellmealsettlement.com, which shall provide information regarding the settlement, including the Master Settlement Agreement, the Settlement Notices, Class Counsel's motion for attorney's fees and important dates and deadlines in this case.

12. Class Counsel must submit their motion for attorney's fees and all supporting documents at least 14 days before the last day for Settlement Class members to object to the settlement.

13. If a member of the Settlement Class disagrees with his or her estimated gross settlement payment amount, that individual may submit a dispute form to the Settlement Administrator, together with any supporting written documentation, no later than 30 days after the postmark date of the Settlement Notice. The Settlement Administrator shall, with the input and assistance of Class Counsel

---

[1] The Master Settlement Agreement defines "Effective Date" as follows: "[T]he first day on which all of the following events shall have occurred: (a) the court has entered the Final Approval Order; (b) the Parties have not given notice of intent to withdraw from this Agreement as permitted under Sections IV and VII of this Agreement and the time for giving such notice has run; and (c) the Final Approval Order has become final and nonappealable, either through the passage of time or the exhaustion of all appeals or other methods of review by appellate courts. If there is no procedural basis for an appeal (for example, no objections were filed), the calculation of the Effective Date shall not include the time for the appeals process."

and Defense Counsel, make the final determination regarding the dispute within 10 days of receipt of the written request for review, or no later than 40 days after the postmark date of the Settlement Notice.

14.     Settlement Class members have a right to opt out of the Settlement Class and be excluded from receiving any benefits under the settlement by completing and mailing a written opt-out request to the Settlement Administrator no later than 45 days after the postmark date of the Settlement Notice. Late-submitted opt-out requests will not be accepted by the Settlement Administrator and shall not be effective. The Settlement Administrator will certify jointly to Class Counsel and Defense Counsel which requests for exclusion were valid and timely submitted.

15.     The Court orders that a fairness hearing for final approval of the settlement ("Fairness Hearing") be held on September 6, 2012, at 2:00 p.m. At the Fairness Hearing, the Court shall consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Settlement Class; (b) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses should be approved.

16.     Any Settlement Class Member who intends to object to final approval of the settlement, including Class Counsel's motion for attorney's fees, must file a written objection, along with any supporting documents, with the Court, with copies to Class Counsel and Defense Counsel, no later than 45 days after the postmark date of the Settlement Notice. The written objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Members of the Settlement Class who fail to make objections in the manner specified shall be deemed to have waived any and all objections and shall be foreclosed from making any objection, whether by appeal or otherwise, to the settlement.

17.     The filing of an objection allows Class Counsel or Defense Counsel, upon reasonable notice, to take the deposition of the objecting Settlement Class Member, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure of the Settlement Class Member to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the Settlement Class Member's objection and otherwise denying him or her the opportunity to make an objection or be further heard.

Case No. C 09-05876 CW (DMR)

CERTIFICATE OF SERVICE

18. Any Settlement Class Member who wishes to be heard at the Fairness Hearing (whether in person or through counsel) must file with the Court and serve upon Class Counsel and Defense Counsel a written notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear"). The Notice of Intention to Appear sent to each party must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Fairness Hearing.

19. The cost of providing notice and administration of the settlement, as provided for by this Order and the Master Settlement Agreement, shall be paid by the Defendants directly to the Settlement Administrator and separately from any other amounts due under this settlement.

20. All payments made under the Master Settlement Agreement shall be subject to applicable payroll deductions required by state and federal law.

21. Pursuant to 28 U.S.C. § 1715(d), in the event that the Court grants final approval of the proposed settlement, the final order will not issue earlier than ninety days after Defendants have served the required CAFA notice. See 28 U.S.C. § 1715(d) (stating that an "order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)").  By August 28, 2012, Defendants shall submit proof of service of notice required under § 1715(b) and shall indicate when the notice was served.

Dated: 6/14/2012

The Honorable Claudia Wilken
United States District Judge

Case No. C 09-05876 CW (DMR)

CERTIFICATE OF SERVICE