1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| DAVID GARDNER, STEVE MATTERN, BRIAN CERRI, WILLIAM SULLIVAN, MARK LANDRE, LAWRENCE LONG, and CHERI DAVIDSON individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, CRI U.S. LP, and SHELL PIPELINE COMPANY LP,<br><br>Defendants. | Case No. C 09-05876 CW (DMR)<br><br>Assigned to the Honorable Claudia Wilken<br><br>**[REVISED PROPOSED] ORDER GRANTING CLASS COUNSEL'S UNOPPOSED MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS** |

Having considered the briefs, evidence, and arguments submitted in support of Class Counsel's Unopposed Motion for an Award of Reasonable Attorney's Fees and Reimbursement of Costs, and good cause appearing,

IT IS HEREBY ORDERED:

1. Pursuant to Rule 23(h)(1) of the Federal Rules of Civil Procedure, adequate notice of Class Counsel's intent to request attorneys' fees and costs was directed to Settlement Class Members through settlement notices which were mailed, first-class, to their most recent known addresses, and advising them of their right to object to Class Counsel's request for fees and costs. Class Counsel's motion for fees and costs was submitted to this Court and made immediately publicly available through the court's ECF system on August 10, 2012 and made available on the settlement website beginning on August 17, 2012.

2. Settlement Class Members and any party from whom payment was sought have been given the opportunity to object, in compliance with Rule 23(h)(1).

3. The amount of reasonable attorneys' fees awarded to Class Counsel should be based on the percentage of the common fund approach, because Class Counsel's efforts successfully created a common fund on behalf of plaintiffs and unnamed class members. *See, e.g., Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980); *Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003); *Williams v. MGM-Pathe Communications Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997); *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1300 (9th Cir. 1994). Class Counsel's request for reasonable attorneys' fees of $1,377,647 represents approximately 12% of the settlement fund, which is well below the Ninth Circuit's 25% benchmark for fee awards from a common fund. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002); *Chem. Bank v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994); and *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989).

4. The requested attorneys' fee award is fair, reasonable, and appropriate under the common fund doctrine based on the exceptional results achieved for the Settlement Class, additional benefits pertaining to meal and rest period practices negotiated by Class Counsel and the United Steel, Paper and

Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, the certified collective bargaining representative of Settlement Class Members at the work sites currently operated by Defendants, the risks undertaken by Class Counsel in litigating this case, the skill and quality of work required to achieve this settlement, the largely contingent nature of the representation in the case, and awards made in similar cases.

5. The Court finds that the time Class Counsel spent in this case and the hourly rates claimed by Class Counsel accurately reflect the hourly rates charged by attorneys of comparable experience, skill, and reputation for comparable work. Therefore, the requested award in this case is also reasonable based on a lodestar cross-check, which yields a multiplier of less than one, well below the range of approved multipliers in this Circuit. *See Vizcaino*, 290 F.3d at 1051 (citation omitted).

6. The $122,353 in litigation costs incurred by Class Counsel have been adequately documented and were reasonably incurred for the benefit of the Settlement Class.

7. In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010) (holding that setting class members' objection deadline on a date before the deadline for counsel to file their fee motion amounted to legal error because it deprived class members of a full and fair opportunity to object to the fee motion), Class Counsel provided Settlement Class Members with notice of and an opportunity to object to their request for fees and costs as follows:

- On June 14, 2012, this Court entered an Order preliminarily approving the settlement ("Preliminary Approval Order") and providing: "Class Counsel must submit their motion for attorney's fees and all supporting documents at least 14 days before the last day for Settlement Class members to object to the settlement." Dkt. 144 at ¶ 12.

- On July 12, 2012, Settlement Notices were mailed to Settlement Class Members providing the following information:

    > Class Counsel will ask the Court to approve a payment of $1.5 million to them for attorneys' fees and expenses. The fees would pay Class Counsel for investigating the facts, pursuing the case, and negotiating the settlement. The Court may award less than the requested amounts. The fees and expenses that the Court awards to Class Counsel and the expenses for the settlement administrator will be paid separately and will not come out of the amounts paid to Class Members. The attorneys' fees and expenses will not reduce the amounts that will be paid to you or other members of the Class.

Class Counsel's motion for attorneys' fees will be made available on the settlement website, at www.shellmealsettlement.com, beginning on August 13, 2012. You must submit any objections to Class Counsel's request for fees and/or expenses by August 27, 2012 to the Court, Class Counsel, and Defense Counsel at the three addresses listed in Question 21, below….

- Pursuant to the Court's Preliminary Approval Order, just after midnight on August 10, 2012, Class Counsel electronically filed their Motion for Award of Fees and Reimbursement of Costs, which was made immediately publicly available through the court's ECF system 17 days before the last day for Settlement Class Members to submit objections on August 27, 2012. In addition, Class Counsel's Motion for Award of Fees and Reimbursement of Costs and all supporting exhibits were uploaded onto the settlement website on August 17, 2012, where they could be accessed and downloaded by Settlement Class Members.

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

1. Class Counsel is hereby awarded at total of $1,377,647 in attorneys' fees.

2. Class Counsel is further awarded at total of $122,353 as reimbursement for their litigation costs and expenses.

3. No later than 10 calendar days after the settlement becomes final and nonappealable, Defendants shall wire $1,500,000 as payment for attorneys' fees and costs to Class Counsel, in the manner provided by the parties' Joint Stipulation of Class Action Settlement and Settlement and Release.

IT IS SO ORDERED.

Dated: 10/1/2012

Honorable Claudia Wilken
United States District Judge