# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| DAVID GARDNER, STEVE MATTERN, BRIAN CERRI, WILLIAM SULLIVAN, MARK LANDRE, LAWRENCE LONG, and CHERI DAVIDSON individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, CRI U.S. LP, and SHELL PIPELINE COMPANY LP<br><br>Defendants. | Case No. C 09-05876 CW (DMR)<br><br>Assigned to the Honorable Claudia Wilken<br><br>**[REVISED PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

**[PURSUANT TO THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1715(d), THE FINAL ORDER CANNOT BE ISSUED EARLIER THAN OCTOBER 1, 2012, 90 DAYS AFTER SERVICE OF THE REQUIRED NOTICE ON THE APPROPRIATE FEDERAL AND STATE OFFICIALS.]**

The parties to this action entered into a class action settlement, as set forth in the Joint Stipulation of Class Action Settlement and Settlement and Release and exhibits attached thereto ("Master Settlement Agreement"), and having applied to this Court for certification of the Settlement Class, preliminary and final approval of the proposed class action settlement and the terms thereof; this Court on June 14, 2012 having certified the Settlement Class and granted preliminary approval of the class settlement, and having directed notice of the settlement, its terms and the applicable procedures and schedules to be provided to class members; this Court having set a final Fairness Hearing for September 6, 2012 to determine whether the class settlement should be granted final approval, pursuant to Federal Rule of Civil Procedure 23(e), as "fair, adequate and reasonable," and all proposed Settlement Class Members having been given an opportunity to comment on the settlement;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, upon consideration of the Master Settlement Agreement, all motions, memoranda, submissions, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this district based on the location of work performed by Defendants Equilon Enterprises LLC dba Shell Oil Products US, Shell Pipeline Company LP, and CRI U.S. LP (collectively, "Defendants") in Contra Costa County, the location of the Martinez Refinery and the Criterion Catalyst Plants in Contra Costa County, the performance of various contracts pertaining to working conditions at the Martinez Refinery, the Criterion Catalyst Plants, and the Carson Terminal Facility by Defendants in Contra Costa County, as well as the location of the commission of the acts alleged herein in Contra Costa County.

3. The court hereby confirms as final its prior findings regarding certification of the Settlement Class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23.

4. The Court confirms the appointment of the following persons as Class Representatives: David Gardner, Steve Mattern, Brian Cerri, William Sullivan, Mark Landre, Lawrence Long, and Cheri Davidson.

///

Case No. C 09-05876 CW (DMR)
CERTIFICATE OF SERVICE

5. The Court confirms the appointment of the following attorneys as Class Counsel: Jay Smith and Linda S. Fang of Gilbert & Sackman, A Law Corporation, and Richard Rouco of Quinn, Connor, Weaver, Davies & Rouco as joint counsel for the Settlement Class ("Class Counsel").

6. The Court confirms the appointment of Simpluris, Inc. ("Settlement Administrator") as the Settlement Administrator.

7. The Court finds that the Settlement Notices and the manner of notice, as implemented by the Settlement Administrator and the parties complied with this Court's Preliminary Approval Order dated June 14, 2012 ("Preliminary Approval Order") and satisfied the requirements of Federal Rule of Civil Procedure 23(e) and due process. This Court has previously held the Settlement Notices and notice distribution plan to be the best practicable under the circumstances. The Court ordered notice by mail to identifiable Settlement Class Members and finds that such notice was reasonably calculated to apprise Settlement Class Members of class certification, the proposed class settlement, and Class Counsel's application for fees and costs, constituted sufficient notice to all persons entitled to notice, and satisfied all applicable requirements of law, including, but not limited to, Rule 23 of the Federal Rules of Civil Procedure and the Constitutional requirement of due process. The Settlement Notices clearly and concisely informed Settlement Class Members of the relevant aspects of the litigation and the settlement, including: (a) the definition of who is a Settlement Class Member; (b) the nature of the litigation; (c) the essential terms of the settlement; (d) the estimated settlement payment amount for each Settlement Class Member; (e) the binding effect of any judgment for those persons who are Settlement Class Members; (f) the right of Settlement Class Members to file a dispute regarding the estimated settlement payment amount and the procedures and deadlines for doing so; (g) the right of Settlement Class Members to request exclusion (opt out) from the Settlement Class and the procedures and deadlines for doing so; (h) the right of Settlement Class Members to object to any aspect of the settlement and/or to appear at the Fairness Hearing and the procedures and deadlines for doing so; (i) the date, time, and location of the Fairness Hearing; (j) how to obtain additional information; and (k) the amount of proposed attorneys' fees and costs sought by Class Counsel, the right of Settlement Class Members to object thereto, and the procedures and deadlines for doing so.

///

Case No. C 09-05876 CW (DMR)
CERTIFICATE OF SERVICE

8. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

9. The settlement of this class action on the terms and conditions set forth in the Master Settlement Agreement, including the provisions relating to attorneys' fees and costs, is approved and confirmed in all respects as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23, the fairness and adequacy standards of this Circuit and in the best interest of the Settlement Class and Settlement Class Members. The Court confirms its finding in paragraph 8 of its June 14, 2012 Preliminary Approval Order that the settlement was "the result of arms'-length negotiations between the Parties, not a product of collusion, bearing a probable relationship to the claims alleged …." The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' and Settlement Class Members' claims given the risk, expense, complexity, and duration of continued litigation. This Court also finds that the class action settlement is the result of informed, non-collusive, arms'-length negotiations between experienced counsel representing the interests of Plaintiffs and Defendants, after thorough factual and legal investigation of the case. The Court also accords great weight to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. The Court further finds that the response of the Class to the settlement supports settlement approval. No Settlement Class Members have objected to the settlement or to Class Counsel's request for fees and costs.

10. The Court directs the Settlement Administrator to perform the responsibilities of the administrator in disbursing payments to those persons and entities as set forth in the Master Settlement Agreement.

11. The Court confirms its earlier Preliminary Approval Order that the cost of providing notice and administration of the settlement, as provided for by the Master Settlement Agreement, shall be paid by Defendants directly to the Settlement Administrator.

12. Defendants are ordered to implement the terms and conditions of the Master Settlement Agreement, including payment to all Settlement Class Members who have not excluded themselves from

///

///

Case No. C 09-05876 CW (DMR)

CERTIFICATE OF SERVICE

this settlement, as well as any Settlement Class Member who makes a claim for payment up to two years after the Effective Date[1] of the Master Settlement Agreement.

13.   Defendants are hereby ordered to pay Class Counsel's attorneys' fees and reimbursements of their costs in the amount of $1,500,000, as set forth in the Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Costs, no later than 10 calendar days after the Effective Date of the Master Settlement Agreement, and wired by Defendants to Gilbert & Sackman, A Law Corporation, at Preferred Bank, at the routing and bank account number to be supplied privately by Class Counsel to Defense Counsel one business day prior to the payment deadline.

14.   In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010) (holding that setting class members' objection deadline on a date before the deadline for counsel to file their fee motion amounted to legal error because it deprived class members of a full and fair opportunity to object to the fee motion), Class Counsel provided Settlement Class Members with notice of and an opportunity to object to their request for fees and costs as follows:

- The Court's Preliminary Approval Order provides as follows: "Class Counsel must submit their motion for attorney's fees and all supporting documents at least 14 days before the last day for Settlement Class members to object to the settlement." Dkt. 144 at ¶ 12.

- On July 12, 2012, Settlement Notices were mailed to Settlement Class Members providing the following information:

  > Class Counsel will ask the Court to approve a payment of $1.5 million to them for attorneys' fees and expenses. The fees would pay Class Counsel for investigating the facts, pursuing the case, and negotiating the settlement. The Court may award less than the requested amounts. The fees and expenses that the Court awards to Class Counsel and the expenses for the settlement administrator will be paid separately and will not come out of the amounts paid to Class Members. The attorneys' fees and expenses will not reduce the amounts that will be paid to you or other members of the Class.

---

[1] As defined in the parties' Master Settlement Agreement, "Effective Date" means: "the first day on which all of the following events shall have occurred: (a) the court has entered the Final Approval Order; (b) the Parties have not given notice of intent to withdraw from this Agreement as permitted under Sections IV and VII of this Agreement and the time for giving such notice has run; and (c) the Final Approval Order has become final and nonappealable, either through the passage of time or the exhaustion of all appeals or other methods of review by appellate courts. If there is no procedural basis for an appeal (for example, no objections were filed), the calculation of the Effective Date shall not include the time for the appeals."

Class Counsel's motion for attorneys' fees will be made available on the settlement website, at www.shellmealsettlement.com, beginning on August 13, 2012. You must submit any objections to Class Counsel's request for fees and/or expenses by August 27, 2012 to the Court, Class Counsel, and Defense Counsel at the three addresses listed in Question 21, below….

- Pursuant to the Court's Preliminary Approval Order, just after midnight on August 10, 2012, Class Counsel electronically filed their Motion for Award of Fees and Reimbursement of Costs, which was made immediately publicly available through the court's ECF system 17 days before the last day for Settlement Class Members to submit objections on August 27, 2012. In addition, Class Counsel's Motion for Award of Fees and Reimbursement of Costs and all supporting exhibits were uploaded onto the settlement website on August 17, 2012, where they could be accessed and downloaded by Settlement Class Members.

15. By operation of the entry of this Order and the Final Judgment, all Released Claims of Settlement Class Members are fully, finally, and forever released, relinquished, and discharged, pursuant to the terms of the Master Settlement Agreement.

16. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the Settlement Class, and Defendants for purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Master Settlement Agreement, the Preliminary Approval Order, this Final Approval Order and Judgment; and (b) hearing, determining, and implementing the application, in accordance with the terms of Master Settlement Agreement, by Class Counsel for an award of attorneys' fees, costs, and expenses.

17. This Court hereby enters Final Judgment in this case, and dismisses it with prejudice, in accordance with the terms of the parties' Master Settlement Agreement. This Final Judgment constitutes a final judgment pursuant to Federal Rule of Civil Procedure 54(a).

**IT IS SO ORDERED.**

Dated: _____10/1/2012_____                    _____
                                                  The Honorable Claudia Wilken
                                                  United States District Judge

Case No. C 09-05876 CW (DMR)

CERTIFICATE OF SERVICE